352                          439 Mass. 352 (2003)

Commonwealth v. Clerk-Magistrate of the West Roxbury Div. of the Dist. Court Dep't.

## COMMONWEALTH vs. CLERK-MAGISTRATE OF THE WEST ROXBURY DIVISION OF THE DISTRICT COURT DEPARTMENT.

Suffolk. March 3, 2003. - May 8, 2003.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, SOSMAN, & CORDY, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts. *District Court,* Clerk-Magistrate. *Practice, Criminal,* Show cause hearing. *Statute,* Construction.

A single justice of this court, ruling on a petition filed by the Commonwealth pursuant to G. L. c. 211, § 3, properly concluded that a clerk-magistrate in a District Court had no authority to conduct show cause hearings prior to acting on the Commonwealth's applications for the issuance of process with respect to complaints charging individuals who were not under arrest with felonies, and that the clerk-magistrate must desist from scheduling such hearings in the future. [354-361]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on February 19, 2002.

The case was heard by *Cowin, J.*

*John P. Zanini,* Assistant District Attorney (*Joseph M. Ditkoff,* Assistant District Attorney, with him) for the Commonwealth.

*Dean A. Mazzone,* Assistant Attorney General, for the defendant.

The following submitted briefs for amici curiae:

*Thomas C. Carrigan,* pro se.

*Timothy J. Cruz,* District Attorney, & *Robert C. Thompson,* Assistant District Attorney, for the Commonwealth.

*Donald S. Bronstein,* Committee for Public Counsel Services, for Committee for Public Counsel Services.

SPINA, J. At issue in this case is whether a clerk-magistrate of a District Court has the authority to conduct a show cause hearing prior to acting on an application for the issuance of process with respect to a felony complaint where the person charged in

the complaint is not under arrest. The single justice, ruling on a petition filed by the Commonwealth pursuant to G. L. c. 211, § 3, concluded that a clerk-magistrate has no such authority. The clerk-magistrate of the West Roxbury Division of the District Court Department (District Court), represented by the office of the Attorney General, appealed from the order of the single justice. We now affirm.[1]

The parties have agreed on the following facts. On December 6, 2001, Luis Santos was arrested and charged in the District Court with larceny over $250, in violation of G. L. c. 266, § 30. The Commonwealth subsequently filed an application for the issuance of a complaint charging Santos with the felony of breaking and entering in the nighttime with the intent to commit a felony, in violation of G. L. c. 266, § 16. The two complaints arose from the same events. The clerk-magistrate did not act on the felony application but, instead, scheduled a show cause hearing. The Commonwealth sought review of the clerk-magistrate's decision by a judge in the District Court. The judge refused to order the clerk's office to issue or deny the complaint and refused to issue the complaint herself. The judge opined that the clerk-magistrate had discretion to hold a show cause hearing.

On February 4, 2002, a police detective filed an application in the District Court for the issuance of a complaint charging Illyion Samuels with assault and battery on a child under fourteen years of age, in violation of G. L. c. 265, § 13J. The clerk-magistrate refused to act on the application and scheduled a show cause hearing, advising the detective that the child would have to appear at the hearing. There is no indication in the record that there was any review by a judge in this matter.

The Commonwealth then filed a petition pursuant to G. L. c. 211, § 3, in the county court, requesting that the single justice "vacate the scheduling of probable cause hearings by the Clerk-Magistrate of the West Roxbury District Court and issue a

---

[1]We acknowledge the amicus briefs filed by the Committee for Public Counsel Services, the clerk-magistrate of the Milford District Court, and the district attorney for the Plymouth district. The Association of Magistrates and Assistant Clerks of the Trial Courts of Massachusetts has joined in and adopted as its own the amicus brief filed by the clerk-magistrate of the Milford District Court.

supervisory order directing the Clerk-Magistrate to desist from scheduling such probable cause hearings where a felony complaint is requested." After the single justice determined that it was appropriate for her to exercise her discretionary power under G. L. c. 211, § 3,[2] she concluded that there is no statutory authority for a clerk-magistrate to conduct a show cause hearing on an application for the issuance of a felony complaint. Therefore, the single justice allowed the Commonwealth's petition for relief and vacated the clerk-magistrate's orders scheduling the show cause hearings for Santos and Samuels. She further ordered that the complaints issue and that the clerk-magistrate of the District Court "desist from scheduling such hearings in the future."

Our review of a decision by the single justice is limited. "[O]rders entered by a single justice under G. L. c. 211, § 3, are not to be disturbed, absent abuse of discretion or clear error of law." *Palaza* v. *Superior Court*, 393 Mass. 1001, 1002 (1984). See *Schipani* v. *Commonwealth*, 382 Mass. 685, 685 (1980). Here, we discern no abuse of discretion or clear error of law in the single justice's allowance of the Commonwealth's petition for relief.

The position of clerk-magistrate is one created by statute. See G. L. c. 218, § 8; G. L. c. 221, § 62B. See also *Pineo* v. *Executive Council*, 412 Mass. 31, 33 (1992). As such, the clerk-magistrate's authority is defined and limited by statute. See G. L. c. 218, §§ 33, 35A. It is undisputed, as acknowledged by the clerk-magistrate, that a potential defendant, who has not been arrested, is not explicitly entitled to a show cause hearing

___

[2]Relief pursuant to G. L. c. 211, § 3, is extraordinary. See *Pandey* v. *Roulston*, 419 Mass. 1010, 1011 (1995), and cases cited. A party seeking such relief "must 'demonstrate both a substantial claim of violation of [the party's] substantive rights and error that cannot be remedied under the ordinary review process.'" *McGuinness* v. *Commonwealth*, 420 Mass. 495, 497 (1995), quoting *Planned Parenthood League of Mass., Inc.* v. *Operation Rescue*, 406 Mass. 701, 706 (1990). The single justice concluded that, because the decision of a clerk-magistrate to conduct a probable cause hearing is not reviewable under any established procedure, and because the right to pursue a criminal prosecution is vested solely with the Commonwealth, relief under G. L. c. 211, § 3, was appropriate. See *Commonwealth* v. *Bing Sial Liang*, 434 Mass. 131, 133 (2001); *Commonwealth* v. *Clerk of the Boston Div. of the Juvenile Court Dep't*, 432 Mass. 693, 698 (2000). The clerk-magistrate has acknowledged that a petition for relief under G. L. c. 211, § 3, was warranted in this case.

prior to the issuance of process with respect to a felony complaint. The statutory authority for show cause hearings is set forth in G. L. c. 218, § 35A, which provides that, "[i]f a complaint for a misdemeanor is received by a district court . . . or by a clerk . . . thereof under section thirty-two, thirty-three or thirty-five, as the case may be, the person against whom such complaint is made, shall, if not under arrest for the offence for which the complaint is made, upon request in writing, seasonably made, be given an opportunity to be heard personally or by counsel in opposition to the issuance of any process based on such complaint."[3] At the time this statutory provision was first enacted in 1943, the language was more broad in the sense that it did not specify the type of complaint that would give rise to a show cause hearing. It merely provided that "[i]f a complaint is received by a . . . clerk," the person against whom the complaint was made could request a show cause hearing. St. 1943, c. 349, § 1. However, in 1945, this broad statutory language was modified to specify that "[i]f a complaint *for a misdemeanor* is received by a . . . clerk," then the person against whom the complaint is made may request a show cause hearing (emphasis added). St. 1945, c. 293.

It is a standard canon of statutory construction that "the primary source of insight into the intent of the Legislature is the language of the statute." *International Fid. Ins. Co.* v. *Wilson*, 387 Mass. 841, 853 (1983). A court may not add words to a statute that the Legislature did not put there. See *General Elec. Co.* v. *Department of Envtl. Protection*, 429 Mass. 798, 803 (1999), and cases cited. "[S]tatutory language should be given effect consistent with its plain meaning and in light of the aim of the Legislature unless to do so would achieve an illogical result." *Sullivan* v. *Brookline*, 435 Mass. 353, 360 (2001). See *O'Brien* v. *Massachusetts Bay Transp. Auth.*, 405 Mass. 439, 443-444 (1989). Where, as here, the language of a statute is clear and unambiguous, it is conclusive as to the intent of the

---

[3]Apart from G. L. c. 218, § 35A, neither the United States Constitution nor the Massachusetts Declaration of Rights guarantees a defendant the right to a show cause hearing before process can properly issue on a complaint. See *Commonwealth* v. *Lyons*, 397 Mass. 644, 646-647 (1986); *Commonwealth* v. *Leger*, 52 Mass. App. Ct. 232, 242 (2001).

Legislature. See *Pyle* v. *School Comm. of S. Hadley*, 423 Mass. 283, 285 (1996).

The plain and unambiguous language of G. L. c. 218, § 35A, viewed in the context of the 1945 version of the statute, reveals a legislative intent to limit the types of complaints with respect to which a clerk-magistrate may order a show cause hearing to those involving misdemeanors. See generally *Commonwealth* v. *Smallwood*, 379 Mass. 878, 884-885 (1980) (felony suspect has no right to be heard during complaint and arrest warrant procedure); *Commonwealth* v. *O'Brien*, 35 Mass. App. Ct. 827, 829 n.2 (1994) (clerk-magistrate's hearing as prerequisite to issuance of complaint only applies to misdemeanors, not to felonies); *Commonwealth* v. *Cote*, 15 Mass. App. Ct. 229, 235-236 (1983) (rights conferred by G. L. c. 218, § 35A, "do not exist for felony complaints"). "The implicit purpose of the § 35A hearings is to enable the court clerk to screen a variety of minor criminal or potentially criminal matters out of the criminal justice system through a combination of counseling, discussion, or threat of prosecution . . . ." *Id.*, quoting Snyder, Crime and Community Mediation — The Boston Experience: A Preliminary Report on the Dorchester Urban Court Program, 1978 Wis. L. Rev. 737, 746. See *Gordon* v. *Fay*, 382 Mass. 64, 69-70 (1980). In other words, a show cause hearing pursuant to G. L. c. 218, § 35A, will often be used by a clerk-magistrate in an effort to bring about an informal settlement of grievances, typically relating to minor matters involving "the frictions and altercations of daily life." *Bradford* v. *Knights*, 427 Mass. 748, 751 (1998).

While recognizing that there is no explicit statutory authorization for a show cause hearing prior to the issuance of process on a felony complaint, the clerk-magistrate contends that he has the *discretion* to hold such a hearing where a defendant is charged with a felony and is not under arrest. In support of his position, the clerk-magistrate relies on Standard 3:10 of the District Court Standards of Judicial Practice: The Complaint Procedure (1975) (Standards of Judicial Practice), which provides, in pertinent part, that "it is preferred that all persons accused by a lay complainant with the commission of a *felony or misdemeanor* be heard in opposition to the issuance of

process, whether in person or by counsel. A magistrate's hearing should be scheduled for this purpose and written notice of the time and place provided to both the complainant and the accused." (Emphasis added.)[4]

The Standards of Judicial Practice are administrative regulations promulgated by the Chief Justice of the District Court that, although treated as statements of desirable practice, are not mandatory in application like statutes and rules.[5] See *Commonwealth* v. *Ray*, 435 Mass. 249, 255 & n.14 (2001). The Standards of Judicial Practice, as a whole, constitute a "field guide or practice manual" for clerk-magistrates and "are not intended to create a new form of criminal disposition that can be utilized beyond the boundaries of existing rules and statutes." *Commonwealth* v. *Norrell*, 423 Mass. 725, 729 (1996). See *Commonwealth* v. *Clerk of the Boston Div. of the Juvenile Court Dep't*, 432 Mass. 693, 702 (2000) ("Courts cannot create standards for authorizing certain dispositions that exceed the bounds of existing rules and statutes"); *Custody of Two Minors*, 19 Mass. App. Ct. 552, 555-556 (1985) (rights set forth in statutory scheme may not be altered by Standards of Judicial Practice).

The language of standard 3:10 expands the authority of a clerk-magistrate beyond that set forth in G. L. c. 218, § 35A, which unambiguously limits show cause hearings to complaints

---

[4]Although Standard 3:10 of District Court Standards of Judicial Process: The Complaint Procedure (1975) (Standards of Judicial Practice) does not apply to police complainants, its commentary suggests that clerk-magistrates should hold show cause hearings in these situations as well. The commentary provides as follows: "This standard states a general rule to be considered in handling accusations of criminal conduct by lay persons. . . . [Police applications against non-arrestees] should be handled similar to lay applications, except that the magistrate may feel more confident in departing from the notice and hearing provisions of this paragraph in such cases, at least on a selective basis. The presumption of regularity in police work permits of this exception, provided, of course, that the standard of probable cause must be met by police and lay complainants alike."

[5]Standard 1:00 of the Standards of Judicial Practice provides that "[t]hese standards represent recommended practices for use by the District Courts in responding to applications from lay persons and law enforcement officers seeking to initiate adult criminal proceedings." Its commentary states that "[t]he standards are not intended to expand, contract or modify the authority of magistrates established in the General Laws, most particularly" G. L. c. 218, § 35A.

for misdemeanors. As such, standard 3:10 is not controlling here and, contrary to the clerk-magistrate's argument, does not give him the discretion to hold a show cause hearing prior to the issuance of process on a felony complaint.

The clerk-magistrate further contends that he has the discretion to hold a show cause hearing with respect to a felony complaint because such discretion is necessarily implied by the statutory authority of a clerk-magistrate to determine probable cause. We disagree.

Like all of the courts of this Commonwealth, except the Supreme Judicial Court, the District Court has been created by the Legislature and derives its powers, other than those powers that are inherent in all courts, from the Legislature. See *Commonwealth* v. *Clerk of the Boston Div. of the Juvenile Court Dep't, supra* at 699. "While we have recognized implied powers as 'inherent' in courts when the power in question is needed to allow the court to function, such power should arise by '*necessary implication* from constitutional or statutory provisions' " (emphasis in original). *Id.,* quoting *Police Comm'r of Boston* v. *Municipal Court of the Dorchester Dist.,* 374 Mass. 640, 664 (1978). See *School Comm. of Worcester* v. *Worcester Div. of the Juvenile Court Dep't,* 410 Mass. 831, 834-835 (1991). We also have recognized that "[j]udicial authority 'is not limited to adjudication, but includes certain ancillary functions, such as rule-making and judicial administration, which are essential if the courts are to carry out their constitutional mandate.' " *Police Comm'r of Boston* v. *Municipal Court of the Dorchester Dist., supra* at 664, quoting *O'Coin's, Inc.* v. *Treasurer of the County of Worcester,* 362 Mass. 507, 510 (1972). The power to conduct show cause hearings on felony complaints does not arise by necessary implication from constitutional or statutory provisions.

The nonarrest complaint procedure begins with the application for issuance of process. General Laws c. 218, § 33, states in relevant part: "A clerk, assistant clerk, temporary clerk or temporary assistant clerk, may receive complaints, administer to complainants the oath required thereto, and issue warrants, search warrants and summonses, returnable as required when such process are issued by said courts." See *Commonwealth* v.

*Posson*, 182 Mass. 339, 341 (1902). The statute contains no provision for administering an oath to witnesses in opposition to the issuance of process. A clerk-magistrate has discretion in determining whether probable cause exists to warrant the commencement of criminal proceedings. See *Commonwealth* v. *DiBennadetto*, 436 Mass. 310, 314 (2002). Such a determination is made on consideration of the application and the testimony of the complainant. See G. L. c. 218, § 33. See also commentary 1 to Standard 3:17 of the Standards of Judicial Practice ("The complainant bears no particular burden in requesting the issuance of process. . . . [T]he complainant need only present a statement of accusation which in the eyes of the magistrate is complete in terms of the elements of the crime and reasonably believable in terms of its allegations. Once the magistrate has satisfied himself on these two factors, process must issue"). Nothing in G. L. c. 218, § 33, authorizes a clerk-magistrate, either explicitly or by implication, to conduct an adversary show cause hearing at which the person *against whom* the criminal charge is made may demonstrate why process should not issue. See *Commonwealth* v. *Smallwood*, 379 Mass. 878, 884-885 (1980) (complaint procedure not adversary judicial proceeding and suspect has no right to hearing). Such authority is only conferred on a clerk-magistrate pursuant to G. L. c. 218, § 35A, and, as we have stated, only applies to *misdemeanor* complaints.

We recognize that the responsibilities of a clerk-magistrate, while largely ministerial, are inextricably related and essential to the effective functioning of the courts in this Commonwealth. See *First Justice of the Bristol Div. of the Juvenile Court Dep't* v. *Clerk-Magistrate of the Bristol Div. of the Juvenile Court Dep't*, 438 Mass. 387, 398-399 (2003). Nonetheless, giving a clerk-magistrate the authority to exercise unbridled discretion in deciding whether or not to hold a show cause hearing prior to the issuance of process on a felony complaint, which involves more serious criminal charges than a misdemeanor complaint, would infringe on the wide discretion afforded the Commonwealth to prosecute particular defendants. See *Commonwealth* v. *Clerk of the Boston Div. of the Juvenile Court*

*Dep't, supra* at 699. This prosecutorial discretion is exclusively vested in the executive branch. See *Commonwealth* v. *Taylor*, 428 Mass. 623, 629 (1999), and cases cited. "The district attorney is the people's elected advocate for a broad spectrum of societal interests — from ensuring that criminals are punished for wrongdoing, to allocating limited resources to maximize public protection." *Commonwealth* v. *Gordon*, 410 Mass. 498, 500 (1991). To the extent that a clerk-magistrate declines to act on an application for the issuance of process on a felony complaint until a show cause hearing is held, the clerk-magistrate improperly interferes with the prosecutorial discretion of the executive branch.[6]

The clerk-magistrate's reliance on *Whitley* v. *Commonwealth*, 369 Mass. 961 (1975), for the proposition that a show cause hearing may be held prior to the issuance of process on a felony complaint is misplaced. In that case, we dismissed petitions under G. L. c. 211, § 3, that sought relief from a clerk-magistrate's refusal, following a hearing, to issue criminal process against one Boston police officer for assault and battery by means of a dangerous weapon, and against another for assault by means of a dangerous weapon. We concluded that the petitioners, as private citizens, lacked a judicially cognizable interest in the prosecution of others, and that the rights asserted were lodged in the Commonwealth as it may proceed to enforce its laws. *Id.* at 962. We did not consider the propriety of the

---

[6]We note that a private citizen does not have the right to the issuance of a criminal complaint. See *Victory Distribs., Inc.* v. *Ayer Div. of the Dist. Court Dep't*, 435 Mass. 136, 141 (2001). Where an application for a criminal complaint is denied by a judge or clerk-magistrate, a private citizen does not have a constitutional or statutory right to challenge that decision. *Id.* See *Bradford* v. *Knights*, 427 Mass. 748, 751 (1998). "[T]he right to pursue a criminal prosecution belongs not to a private party but to the Commonwealth." *Victory Distribs., Inc.* v. *Ayer Div. of the Dist. Court Dep't, supra* at 142. However, a private citizen may ask the Attorney General or a district attorney to pursue the matter. *Id.* at 143. If one of these authorities decides to prosecute, a clerk-magistrate may not bar such prosecution where the complaint is legally valid. *Id.* See *Commonwealth* v. *Clerk of the Boston Div. of the Juvenile Court Dep't*, 432 Mass. 693, 700 (2000) ("magistrates may not silence the voice of the people's elected prosecutors by simply delaying action on the prosecutor's application for process").

show cause hearing held by the clerk-magistrate because it was not an issue.[7]

*Judgment affirmed.*

---

[7]The clerk-magistrate points out in a footnote that the single justice ordered that the complaints issue, without any examination of the complainant under oath. Arguments relegated to a footnote do not rise to the level of appellate argument. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). Accordingly, this argument is deemed waived. See *Commonwealth* v. *Lydon,* 413 Mass. 309, 317-318 (1992). We have nevertheless reviewed the issue, and conclude that there was no error by the single justice in ordering that the complaints issue. The clerk-magistrate has not argued that the applications for the issuance of process did not establish probable cause. Pursuant to Standard 3:05 of the Standards of Judicial Practice, "[a]ll facts given to the magistrate to support or oppose an application for the issuance of process should be given under oath or accompanied by an affirmation." The single justice could reasonably infer that because the clerk-magistrate had scheduled show cause hearings with respect to the felony complaints, the clerk-magistrate had already received the facts necessary to support the issuance of process, given under oath by the complainants. Having stipulated to the relevant facts before the single justice, the clerk-magistrate cannot now claim that the applications for issuance of process were not made under oath where there is no evidence to support such a contention.