Smith, J.
BACKGROUND
On November 8, 2002, plaintiffs Presidential Development Corporation (“Presidential”) and Hartmann Development, LLC (“Hartmann”), filed an Application (the “Application”) for Approval of a Roadway Improvement Plan (the “Plan”) pursuant to G.L.c. 41, §81G, with the Town of Wilmington Planning Board (the “Board”). The Plan sought to improve and construct a roadway within the limits of Rhode Island Road as shown on a subdivision plan entitled “Oakland Park,” dated April 23, 1907, which was recorded with the Middlesex North District Registry of Deeds. The Town of Wilmington has adopted an official map pursuant to G.L.c. 41, §8 IE.
On December 3, 2002, the Board held a public hearing on the Application. At that meeting and several meetings thereafter, the parties agreed to extend the deadline for Board action and continue public hearing on the Application. On March 4, 2003, Peter DeGennaro, president of Presidential and a member of Hartmann, sent a letter to Lynn Duncan, Director of Planning & Conservation for the Town of Wilmington, requesting that public hearing on the Application be continued until April 1,2003, and that the deadline for action be extended to April 4, 2003. In her March 5, 2003 response, Duncan informed DeGennaro that the Board voted to approve his requested extension and continuance, but that this would be the last continuance that the Board would allow.
At the Board’s April 1, 2003 meeting, the Chair told DeGennaro that the Board could either vote on the Application that night or at the next meeting, scheduled for April. 15, 2003. DeGennaro stated that he would prefer to postpone the vote to the next meeting. The Board then agreed to postpone the vote on the application and to continue the public hearing on the application until April 15, 2003. On April 2, 2003 Michael Vivaldi, Wilmington’s Assistant Town Planner, left a voicemail message for DeGennaro stating that DeGennaro still needed to submit a written request to the Board to extend the deadline for action from April 4, 2003, until at least April 18, 2003, due to the continuation of the public hearing until April 15, 2003. DeGennaro never provided said written request to the Board.
At the April 15, 2003 public hearing, the Board voted to disapprove the Application. On the same day, the Board issued a Certificate of Disapproval of a Section 81-G Application and Plan. On April 17, 2003, the Town Clerk posted the Board’s decision.
On April 29, 2003, Robert Lavoie, counsel for Presidential, sent Kathleen Scanlon, Wilmington’s Town Clerk, a letter stating that because 1) plaintiffs never agreed to extend the date for action past April 4, 2003, 2) the Board did not act by April 4, 2003, and 3) the 20-day appeal period for appealing constructive approval had passed, Scanlon must issue a Certificate of Constructive Approval relative to the Application. Scanlon did not issue said certificate. On May 7, 2003, plaintiffs brought the instant action to compel Scanlon to certify, in accordance with G.L.c. 41, §8IV, that plaintiffs’ Plan had been constructively approved because the Board failed to take final action on that Plan or to file a certificate of such action within forty-five (45) days after its submission. Because this Court finds that the Board’s actions did not result in constructive approval of the plaintiffs’ plan, the plaintiffs’ Motion for Summary Judgment is DENIED.
DISCUSSION
This court shall grant summary judgment where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Comm. Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party shoulders the burden of affirmatively *5 demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
In this case, plaintiffs argue that the Board’s failure to report a decision regarding their Application to Scanlon within the forty-five-day time frame set out in G.L.c. 41, §81G resulted in constructive approval of the Plan. Plaintiffs further argue that Scanlon violated G.L.c. 41, §8IV when she failed to issue a certificate of constructive approval with respect to the Plan. Defendants maintain that a proposed roadway improvement plan, unlike a proposed definitive subdivision plan, is not susceptible to constructive approval because the constructive approval language found in certain sections of chapter 41 concerning subdivision plans was purposely left out of G.L.c. 41, §81G. Defendants’ argument is persuasive.
The sole case that the plaintiffs cite in support of their argument is Kay-Vee Realty Company, Inc. v. Town Clerk, 355 Mass. 165, 167-68 (1969). In that case, the Supreme Judicial Court held that a proposed definitive subdivision plan was constructively approved where the planning board did not approve, modify or disapprove of the plan within the applicable time frame set forth in G.L.c. 41, §81U, and that the town clerk should have issued a certificate of approval upon the request of the petitioner where the town failed to properly appeal the constructive approval within the time period set out in G.L.c. 41, §81V. Plaintiffs’ citation to that case is inapposite. The instant case involves a planning board’s failure to take timely action on a proposed roadway improvement plan pursuant to G.L.c. 41, §81G. While G.L.c. 41, §81G and §81U are both provisions concerning a planning board’s consideration process for the submission of proposed plans, that is where their similarity ends. The two provisions fall under separate subheadings within chapter 41 and contain noticeably different language with respect to the consequences of a planning board’s failure to take action in the applicable time frame after submission of a proposed plan.
The General Laws, in chapter 41, section 81G provides in relevant part:
. . . after a city or town has adopted an official map ... no public way shall be . . . altered ... if such . . . alteration ... is not in accordance with such official map as it then appears, unless the proposed . .. alteration . .. has been referred to the planning board . . . and such board has reported thereon, or has allowed forty-five days to elapse after such reference, without submitting its report.
This provision is silent as to the consequence of a planning board’s failure to report on an application for approval of a roadway improvement plan before the applicable time frame lapses. Contrary to the plaintiffs’ argument, the provision neither explicitly states nor implies that a proposed plan shall be deemed approved or that a roadway shall be laid out in the manner exactly as proposed in the submitted plan where the planning board fails to report on that plan within 45 days of its submission. At most, the provision provides that where an applicant submits a proposed roadway improvement plan to the planning board and the board fails to report on the plan within 45 days of submission, a public way can be altered in a way that is not in accordance with the official map.
In contrast, G.L.c. 41, §81U, the provision relevant in the Kay-Vee Realty Company, Inc. decision, explicitly states with respect to a proposed definitive subdivision plan that,
. . . the failure of a planning board either to take final action or to file with the city or town clerk a certificate of such action regarding the definitive plan submitted by the applicant within ninety days after such submission, or such further time as may be agreed upon at the written request of the applicant, shall be deemed to be an approval thereof. (Emphasis added.)
That the Legislature intended for proposed definitive subdivision plans to be susceptible to constructive approval is further supported by the language in G.L.c. 41, §8IV, which states in relevant part,
[i]n case of the approval of a plan by reason of the failure of the planning board to act within the time prescribed, the city or town clerk shall, after the expiration of twenty days without notice of appeal to the superior court. . . issue a certificate stating the date of the submission of the plan for approval, the fact that the planning board failed to take final action and that the approval resulting from such failure has become final.
Plaintiff suggests that G.L.c. 41, §8IV is applicable in the instant case to the Board’s failure to take action with respect to plaintiffs proposed roadway improvement plan. Furthermore, due to the defendants’ failure to appeal within the 20-day time period, plaintiffs maintain that Scanlon should have issued a certificate of constructive approval on plaintiffs’ behalf pursuant to G.L.c. 41, §8IV. This argument is without merit. The structure of G.L.c. 41 dictates that G.L.c. 41, §8IV does not apply to proposed roadway improvement plans that the planning board failed to act upon under G.L.c. 41, §81G.
Chapter 41 of the General Laws concerns “Officers and Employees of Cities, Towns and Districts” of Massachusetts. Sections 81A through 81J of that *6 chapter fall under the subheading “Improved Method of Municipal Planning” and pertain to planning boards and their powers and duties with respect to parks and public ways. Sections 8IK through 81GG of chapter 41 fall under the subheading “Subdivision Control,” and pertain to planning boards and their powers and duties with respect to providing access, sanitation and open areas within subdivisions. Thus, while G.L.c. 41, §81U and §8IV should be read together as they both fall within the group of provisions known as the “subdivision control laws,” §81G and §8IV are clearly separate and do not affect each other.
It is well established that the “inclusion of particular language in one part of a statute and omission of the same language in another” is deemed to be an intentional and purposeful act by the Legislature. U.S. v. Romano, 929 F.Sup. 502, 506 (D.Mass. 1996); see also Golub v. Izuzu Motors, 924 F.Sup. 324, 327 (D.Mass. 1996). “Where the Legislature has carefully employed specific language in one paragraph of a statute . . . but not in others which treat the same topic . . . the language should not be implied where it is not present.” Hallett v. Contributory Retirement Appeal Board, 431 Mass. 66, 69 (2000), quoting First Nat’l Bank v. Judge Baker Guidance Ctr., 13 Mass.App.Ct. 144, 153 (1982). “A court may not add words to a statute that the Legislature did not put there.” Commonwealth v. Clerk-Magistrate, 439 Mass. 352, 355 (2003), citing General Elec. Co. v. Department of Envtl Protection, 429 Mass. 798, 803 (1999), and cases cited. This court presumes that the Legislature acted intentionally when it explicitly provided for a constructive approval process with respect to proposed definitive subdivision plans in G.L.c. 41, §81U and §8IV, and noticeably left out a similar constructive approval process for proposed roadway improvement plans in G.L.c. 41, §81G. It would be beyond this Court’s power to read a constructive approval provision into G.L.c. 41, §81G where the Legislature intentionally did not provide for one. As such, this Court holds that even if the Board did, in fact, fail to take action on plaintiffs’ Application for approval of the Plan within the requisite forty-five days from submission, the plaintiffs’ roadway improvement plan was not constructively approved.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs’ Motion for Summary Judgment be and is DENIED.