## In the Matter of Mary Moe.

No. 06-P-924.

Bristol. June 12, 2006. - October 30, 2006.

Present: Kantrowitz, Dreben, & Graham, JJ.

*Abortion. Minor, Abortion. Consent. Jurisdiction, Juvenile, Nonresident.*

This court concluded that a Massachusetts court had jurisdiction and authority, pursuant to G. L. c. 112, § 12S, to grant a nonresident minor's petition seeking permission to have an abortion performed in Massachusetts without parental consent. [651-653]

Civil action commenced in the Superior Court Department on June 9, 2006.

A question of law was reported by *Richard J. Chin*, J.

*Marisa A. Campagna* (*Karen D. Lane* with her) for the petitioner.

Kantrowitz, J. On June 12, 2006, the following question was reported, see Mass.R.Civ.P. 64(a), as amended, 423 Mass. 1403 (1996), to our court by a judge of the Superior Court:

"Does a Massachusetts Court have jurisdiction and authority pursuant to G. L. c. 112, § 12S, to grant a nonresident minor's petition seeking permission to have an abortion performed in Massachusetts without parental consent?"[1]

We conclude that a plain reading of the statute in question does not impose a residency requirement.[2] As such, we answer the question in the affirmative.

[1]Mary Moe, a seventeen year old minor, and a resident of the State of Rhode Island, was seeking to have an abortion performed, without parental consent, in Massachusetts. According to the brief filed in our court, Mary Moe, with counsel, filed a petition, pursuant to G. L. c. 112, § 12S, in Superior Court in Bristol County.

[2]Our decision was made and recorded shortly after the hearing, allowing the petitioner the relief she sought in a timely manner. The purpose of this opinion is to explain the reasons for our decision.

We find *Hodas* v. *Morin*, 442 Mass. 544 (2004), instructive here. Pursuant to G. L. c. 215, § 6, which grants equity jurisdiction to the Probate and Family Court, the plaintiffs there sought a prebirth judgment of parentage. A judge of the Probate and Family Court dismissed the petition for lack of jurisdiction and reported her decision. The Supreme Judicial Court held that the judge indeed had authority pursuant to G. L. c. 215, § 6, to issue a prebirth judgment of parentage and to order the issuance of a prebirth record thereof "where neither the genetic parents nor the gestational carrier with whom they contracted to bear a child reside[d] in Massachusetts, but where the contract specifie[d] that the birth occur at a Massachusetts hospital." *Id.* at 545. The court reached its decision "because the equity statute poses no residency requirement." *Id.* at 547. We see no basis for distinguishing the present case from the *Hodas* decision.[3]

Moreover, it is presumed that the Legislature, in enacting G. L. c. 112, § 12S, knowingly did not include a residency requirement. "[T]he omission . . . of terms . . . may be deemed to be one of deliberate [l]egislat[ive] design. 'So important a matter would hardly have been passed over in silence.' *Opinion of the Justices*, 308 Mass. 601, 613 (1941)." *Thomas* v. *Department of State Police*, 61 Mass. App. Ct. 747, 754 (2004). See *Dartt* v. *Browning-Ferris Indus., Inc. (Mass.)*, 427 Mass. 1, 9 (1998) ("[W]e will not add to a statute a word that the Legislature had the option to, but chose not to, include"); *Commonwealth* v. *Clerk-Magistrate of the W. Roxbury Div. of the Dist. Ct. Dept.*, 439 Mass. 352, 355 (2003) ("A court may not add words to a statute that the Legislature did not

---

[3]Indeed, the matter before us is more compelling. In *Hodas* v. *Morin*, 442 Mass. at 551, the Supreme Judicial Court recognized that New York, where the gestational carrier resided, had expressed a strong public policy against all gestational carrier agreements. Nevertheless, following "functional" choice of law principles, the court permitted the application of Massachusetts law, the parties' choice of law pursuant to their contract. *Id.* at 553. There is no such policy difference between the States in the case at bar. Rhode Island Gen. Laws § 23-4.7-6 (2001) grants rights similar to those of the Commonwealth to a minor seeking an abortion. Also, the Rhode Island law does not contain a residency requirement. The judge who heard the case in Massachusetts ruled that Mary Moe met the requirements for securing an abortion without parental consent. Presumably, so too would a judge in Rhode Island.

put there"). In comparison, see G. L. c. 208, §§ 4-5, which require, in divorce proceedings, some domiciliary connection with the Commonwealth. See also G. L. c. 215, § 3 (will probate proceedings).

*Conclusion.* Basing our decision upon the wording of the statute in question, we held that the petitioner was entitled to the relief she sought, and that the Superior Court had jurisdiction to render a decision.