446 Mass. 123 (2006)                                           123

Commissioner of Correction *v.* Superior Court Department of the Trial Court.

COMMISSIONER OF CORRECTION *vs.* SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT FOR THE COUNTY OF
WORCESTER & others.[1]

Suffolk. January 6, 2006. - February 27, 2006.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Due Process of Law,* Pretrial detainees. *Commissioner of Correction.*

This court concluded that G. L. c. 276, § 52A, does not authorize a judge in
the Superior Court to order the "removal" (transfer) of pretrial detainees
from a county jail to a State correctional facility. [124-127]

CIVIL ACTION commenced in the Supreme Judicial Court for
the county of Suffolk on October 11, 2005.

The case was reported by *Cordy,* J.

*William D. Saltzman* for the plaintiff.

*Ellyn H. Lazar-Moore,* Assistant District Attorney, for the
District Attorney for the Middle District.

CORDY, J. In this case, we consider whether G. L. c. 276,
§ 52A, authorizes a judge in the Superior Court to order the
"removal" (transfer) of pretrial detainees from a county jail to a
State correctional facility. We conclude that it does not.

*Background.* On August 16, 2005, the district attorney for the
middle district (Worcester) submitted a written request to a
judge in the Superior Court seeking an ex parte order that fifty-
one pretrial detainees, who were being held at the Worcester
County jail or house of correction, be removed by the Commis-
sioner of Correction (commissioner) to await trial at a State cor-
rectional institution pursuant to G. L. c. 276, § 52A.[2] The
request was silent as to any factual basis that might support it,

---

[1]The sheriff of Worcester County and the district attorney for the middle
district.

[2]General Laws c. 276, § 52A, provides: "Persons held in jail for trial may,
with the approval of the district attorney, and shall, by order of a justice of the
superior court, be removed by the commissioner of correction to a jail in

and was unaccompanied by affidavit. Without notifying the commissioner, the judge endorsed the request and signed the order prepared by the district attorney. The order was then transmitted by facsimile to the commissioner by the sheriff of Worcester County. The commissioner filed a motion to vacate the order, which was denied.

In his memorandum denying the commissioner's motion, the judge wrote that the issue had come before him "as a purely administrative matter" and that he had allowed the district attorney's request because he interpreted G. L. c. 276, § 52A, as authorizing him to do so, and that "even without an evidentiary hearing this Court is well aware . . . that . . . at least in Worcester County . . . there are simply not a sufficient number of beds to provide for the basic needs of those who need to be incarcerated." The commissioner timely moved for reconsideration, which was denied. The commissioner then filed a petition in the Supreme Judicial Court for Suffolk County pursuant to G. L. c. 211, § 3, seeking relief from the order. On November 16, a single justice reserved and reported the case without decision to the full court.

*Discussion.* We interpret a statute according to the intent of the Legislature. *Commonwealth* v. *Galvin*, 388 Mass. 326, 328 (1983). "[T]he primary source of insight into the intent of the Legislature is the language of the statute," *International Fid. Ins. Co.* v. *Wilson*, 387 Mass. 841, 853 (1983), and that is our starting point. *Simon* v. *State Examiners of Electricians*, 395 Mass. 238, 242 (1985). Statutory language should be given effect consistent with its plain meaning. Where, as here, that language is clear and unambiguous, it is conclusive as to the intent of the Legislature. *Commonwealth* v. *Clerk-Magistrate of the W. Roxbury Div. of the Dist. Court Dep't*, 439 Mass. 352, 355-356 (2003).

another county, and said commissioner shall, at the request of the district attorney, cause them to be returned to the jail whence they were removed. In addition, such persons, if they have been previously incarcerated in a correctional institution of the commonwealth under sentence for a felony, may, with the approval of the district attorney, be removed by the commissioner of correction to a correctional institution of the commonwealth, and said commissioner shall, at the request of the district attorney, cause them to be returned to the jail where they were awaiting trial."

General Laws c. 276, § 52A, provides for the transfer of pretrial detainees from the county jails in which they are ordinarily held awaiting trial. In separate sentences, the statute authorizes two different types of detainee transfers. The first is a transfer from one county jail to another. The second is the transfer from a county jail to a State correctional facility. To facilitate both, the commissioner is authorized to be the removing agent, responsible for transporting the detainees to the receiving facility and, when requested by the district attorney, for returning them to the jail where they were originally awaiting trial.[3]

The transfer of a detainee from one jail to another is authorized in the first sentence of the statute. It provides that such a transfer "may" be made "with the approval of the district attorney," and "shall" be made "by order of a justice of the superior court." The transfer of a detainee from a jail to a State correctional facility is authorized in the next sentence, which similarly provides that it "may" be made "with the approval of the district attorney," but makes no provision for transfers to be made by order of a judge of the Superior Court. The second sentence further provides that only pretrial detainees who have previously been incarcerated in a correctional institution for a felony may be transferred from a jail to a State correctional institution to await trial.

As to the first type of transfer, it is apparent that the statute vests discretion in the district attorney to approve (or disapprove) whatever arrangements may be made by the various sheriffs to accept such transfers, and vests the authority in the Superior Court to order them when that may be necessary, whether or not sheriffs so agree. As to the second type of transfer, similar discretion lies with the district attorney, but no authority is provided to the Superior Court to direct such transfers should the commissioner decline to accept them. The absence of parallel language in the second sentence of the statute as to the authority of the Superior Court cannot be ignored.

---

[3]Requests that certain pretrial detainees be transferred could come from a variety of sources including the district attorney, the sheriff, or the commissioner, and might be made for security, detainee safety, or other capacity-related reasons.

126        446 Mass. 123 (2006)

Commissioner of Correction v. Superior Court Department of the Trial Court.

"[W]here the legislature has carefully employed a term in one place and excluded it in another, it should not be implied where excluded." *Commonwealth* v. *Gagnon*, 439 Mass. 826, 833 (2003), quoting 2A N.J. Singer, Sutherland Statutory Construction § 46.06, at 194 (6th ed. rev. 2000). We do not read into the statute a provision which the Legislature did not see fit to put there, nor add words that the Legislature had an option to, but chose not to include. *General Elec. Co.* v. *Department of Envt'l Protection*, 429 Mass. 798, 803 (1999).

The Superior Court judge affords great weight to the prefatory phrase of the second sentence, "In addition," concluding that those words were intended to mean that the authority given to the Superior Court in the first sentence carries over to the second. This interpretation is not, however, consistent with the sentence structure of the statutory language. The prefatory phrase simply indicates that there is another type of removal for "[p]ersons held in jail for trial" ("In addition, such persons . . . may . . . be removed . . . to a correctional institution of the commonwealth . . ."). The repetition of the language requiring the "approval of the district attorney" in the second sentence, but the failure similarly to provide any authority for the Superior Court, proves fatal to the judge's logic.[4]

Our interpretation of the statute, which is consistent with its

---

[4]The legislative history of the statute, while unnecessary to our decision, is not inconsistent with our interpretation. General Laws c. 276, § 52A, was inserted by St. 1943, c. 131, and amended twice, first by St. 1971 c. 592, § 1, and later by St. 1973, c. 514. The original legislation was enacted with the following purpose: "The present law does not give the Commissioner authority to remove a person held for trial in a jail in one county to a jail in another county. A number of requests have been made by the various district attorneys for the separation of persons awaiting trial charged with the same crime to another penal institution. A number of persons being held in one jail for the same crime makes it difficult for jail authorities to keep them separated at all times, and creates a condition that is not conducive to proper safety." 1943 House Doc. No. 43. Recommendations, 1943 House Doc. No. 42 at 2. In 1971, the Legislature inserted the second sentence authorizing the commissioner, with the approval of the district attorney, to effect removals of certain persons held in jail for trial to State correctional facilities. St. 1971, c. 592, § 1. In 1973, the Legislature inserted into the first sentence the language authorizing judges in the Superior Court to order removals of pretrial detainees from one county jail to another. Specifically, 1973 House Doc. No. 468 provided: "Section 52A of Chapter 276 of the General Law is further amended by adding after the words, 'with the approval of the district attorney' the fol-

language, does not lead to an illogical result. Unlike the county jails, the State correction system is not set up to accommodate the special needs of pretrial detainees. See G. L. c. 276, § 42 (prisoners not released on bail "shall be committed to jail").[5] The Legislature could reasonably have concluded that the commissioner is in the best position to know whether and which State facilities have bed space, whether those facilities include an appropriate level of security, and whether such facilities are geographically suitable to accept any particular detainee. It is not illogical in these circumstances to vest the commissioner with the discretionary authority to accept detainee transfers to the State correctional system. Nor is it illogical for the Legislature to have concluded that to authorize Superior Court judges sitting in every county to decide how many pretrial detainees will be transferred from county jails to State correctional institutions to await trial could wreak havoc on the management of that complex system. The case is remanded to the single justice where an order is to enter vacating the removal order.

*So ordered.*

---

lowing: — and by order of a Justice of the Superior Court, shall." However, there were two places where the words, "with the approval of the district attorney," appeared in the statute: once each in the first and second sentences. The bill was edited as it moved through the legislative process and the text was only added in the first sentence. The text of the approved session law states: "The first sentence of section 52A of chapter 276 of the General Laws, as appearing in chapter 131 of the acts of 1943, is hereby amended by inserting after the word 'attorney,' in line 2, the words: —, and shall, by order of a justice of the superior court, ." St. 1973, c. 514. We can reasonably conclude from this history that the Legislature recognized the potential for placing the language in both the first and second sentences, and decided only to insert it in the first.

[5]With respect to female prisoners, the Legislature has required the commissioner to operate a facility for pretrial detainees. General Laws c. 125, § 16, requires the commissioner to maintain a separate unit at the Massachusetts Correctional Institution, Framingham, for females awaiting trial to which the females "may be transferred by the sheriff upon approval of the [commissioner] if suitable facilities are not available in the county jail of the court of jurisdiction." Consistent with our interpretation of G. L. c. 276, § 52A, G. L. c. 125, § 16, provides the commissioner with authority to approve transfers of female detainees to the Framingham facility, and makes no provision for the Superior Court to order such transfers.