## ADOPTION OF DAISY.[1]

Norfolk. March 8, 2011. - June 20, 2011.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, & GANTS, JJ.

*Adoption,* Care and protection, Dispensing with parent's consent. *Minor,* Adoption. *Parent and Child,* Adoption, Dispensing with parent's consent to adoption, Interference with parental rights, Testimony by child against parent. *Practice, Civil,* Adoption, Hearsay. *Evidence,* Hearsay. *Statute,* Construction. *Department of Children & Families.*

In proceedings to terminate the mother's right to consent to the adoption of her daughter, the judge, acting pursuant to G. L. c. 233, § 82, properly admitted in evidence the child's hearsay statements concerning sexual abuse by her father, in lieu of the child's live testimony, where the language of the statute was adequately clear that it applied to statements that the child made while she was under the age of ten, regardless of her age at the time of trial, and where such an interpretation of the statute was consistent with its purpose. [74-79]

PETITION filed in the Norfolk County Division of the Juvenile Court Department on November 3, 2006.

The case was heard by *Mary M. McCallum,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Henry C. Porter* for the mother.

*Muriel Ann Finnegan* for Department of Children and Families.

*Roberta Mann Driscoll* for the child.

GANTS, J. The Department of Children and Families (department) filed a petition under G. L. c. 119, § 24, alleging that Daisy was a child in need of care and protection.[2] After trial, a judge in the Juvenile Court concluded that Daisy was a child in

---

[1]A pseudonym.

[2]The petition was filed on November 3, 2006, by the Department of Social Services, which is now called the Department of Children and Families (department). See G. L. c. 18B, § 1, as amended by St. 2008, c. 176, § 25 (effective July 8, 2008). We use the current name.

need of care and protection and dispensed with the need for her parents' consent to adoption, guardianship, custody, or other disposition of the child pursuant to G. L. c. 119, § 26, which effectively terminated the parents' rights. *Petition of the Dep't of Social Servs. to Dispense with Consent to Adoption*, 392 Mass. 696, 698 (1984). Only the mother appealed. The Appeals Court affirmed, holding that "the judge was well-justified in concluding that it was in the best interests of Daisy that the parental rights of the mother be terminated." *Adoption of Daisy*, 77 Mass. App. Ct. 768, 784 (2010). We granted the mother's application for further appellate review but limited our review to a single issue: whether G. L. c. 233, § 82, which in certain circumstances allows the admission in evidence in a civil proceeding of "out-of-court statements of a child under the age of ten describing any act of sexual contact performed on or with the child," applies where the child was under the age of ten when she made the statements but ten years of age or older at the time of trial. We conclude that the statute applies where the child was under the age of ten when she made the statements, regardless of her age at the time of trial.

*Background.* Because the factual background of this case is carefully detailed in the Appeals Court's opinion, *Adoption of Daisy, supra* at 769-777, and because we have limited further appellate review to a single issue of statutory interpretation, we briefly summarize the facts as found by the judge. When Daisy was nine years of age, she reported to a school social worker that her father had been repeatedly sexually abusing her; the social worker filed a report of abuse. After this first revelation, while still nine years of age, she told at least three other persons of the sexual abuse her father inflicted on her: the program director of the residential program she attended, a court-appointed investigator, and a clinician specializing in trauma evaluation. The mother refused to believe Daisy's allegations against the father. The department removed Daisy to a foster home, but her mother visited on an "every other week" schedule. In December, 2007, Daisy stated that she no longer wanted to visit with her mother after the mother's repeated failure to believe Daisy's accounts of the father's sexual abuse. Daisy never resumed the visits with her mother.

In August and September, 2008, when Daisy was eleven years of age, the judge conducted a hearing under G. L. c. 233, § 82, regarding the admissibility of the out-of-court statements that Daisy made before she was ten years of age describing her sexual abuse. Relying on the testimony of an expert who provides clinical treatment to children traumatized by sexual abuse, the judge found that Daisy was "unavailable" as a witness under § 82 (b) (5) because "testifying as a witness would likely cause severe psychological or emotional trauma." The judge held under § 82 (c) that Daisy's out-of-court statements "were made under circumstances inherently demonstrating a special guarantee of reliability," finding that each of the four witnesses had documented her statements to him or her; that the clarity of each statement was "unequivocal" and the meaning was "direct, straightforward and unambiguous"; that the time and circumstances of disclosure made each statement reliable; that there was sufficient corroborative evidence of the substance of her statements; and that Daisy was "sincere and genuine" when she made each statement. The judge ruled that the statements could be admitted as substantive evidence under § 82 at the parental termination of rights trial, which began in September, 2008, and concluded in October, 2008. Daisy did not testify at trial.

*Discussion.* Under G. L. c. 233, § 82, the "out-of-court statements of a child under the age of ten describing any act of sexual contact performed on or with the child . . . shall be admissible as substantive evidence" in a civil proceeding (except those brought under G. L. c. 119, § 23 or § 24), where the statement is offered as evidence of material fact and is more probative on the point than any other evidence the proponent can procure through reasonable efforts; the person who heard the statement testifies; the child is unavailable as a witness as defined in § 82 (b); and the statement is reliable, as defined in § 82 (c). The full text of § 82 appears below.[3,4]

Because Daisy was the age of eleven years when these state-

[3]General Laws c. 233, § 82, states:

"(a) The out-of-court statements of a child under the age of ten describing any act of sexual contact performed on or with the child, the circumstances under which it occurred, or which identifies the perpetrator shall be admissible as substantive evidence in any civil proceeding,

ments were admitted at trial, we must consider the meaning of the phrase, "out-of court statements of a child under the age of

except proceedings brought under [G. L. c. 119, § 23 [c] or § 24]; provided, however, that such statement is offered as evidence of a material fact and is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; the person to whom such statement was made or who heard the child make such statement testifies; the judge finds pursuant to subsection (b) that the child is unavailable as a witness; and the judge finds pursuant to subsection (c) that such statement is reliable.

"(b) The proponent of such statement shall demonstrate a diligent and good faith effort to produce the child and shall bear the burden of showing unavailability. A finding of unavailability shall be supported by specific findings on the record, describing facts with particularity, demonstrating that:

"(1) the child is unable to be present or to testify because of death or existing physical or mental illness or infirmity; or

"(2) by a ruling of the court, the child is exempt on the ground of privilege from testifying concerning the subject matter of such statement; or

"(3) the child testifies to a lack of memory of the subject matter of such statement; or

"(4) the child is absent from the hearing and the proponent of such statement has been unable to procure the attendance of the child by process or by other reasonable means; or

"(5) the court finds, based upon expert testimony from a treating psychiatrist, psychologist, or clinician, that testifying would be likely to cause severe psychological or emotional trauma to the child; or

"(6) the child is not competent to testify.

"(c) If a finding of unavailability is made, the out-of-court statement shall be admitted if the judge [finds that the] statement was made under oath, that it was accurately recorded and preserved, and there was sufficient opportunity to cross-examine; or (2) after holding a separate hearing and, where practicable and where not inconsistent with the best interests of the child, meeting with the child, that such statement was made under circumstances inherently demonstrating a special guarantee of reliability.

"For the purposes of finding circumstances demonstrating reliability pursuant to clause (2) of subsection (c) a judge may consider whether the relator documented the child witness's statement, and shall consider the following factors:

ten." Daisy's out-of-court statements are properly admissible under § 82 only if this clause refers to the age of the child at the time the statements are made rather than to the age of the child at the time the statements are offered in evidence at trial.

In interpreting a statute, we look first to its language as the "principal source of insight into legislative intent." *Water Dep't of Fairhaven* v. *Department of Envtl. Protection*, 455 Mass. 740, 744 (2010), quoting *Providence & Worcester R.R.* v. *Energy Facilities Siting Bd.*, 453 Mass. 135, 142 (2009). Where the meaning of the language is plain and unambiguous, we will not look to extrinsic evidence of legislative intent "unless a literal construction would yield an absurd or unworkable result." *Boston Hous. Auth.* v. *National Conference of Firemen & Oilers, Local 3*, 458 Mass. 155, 162 (2010). See *Halebian* v. *Berv*, 457 Mass. 620, 630 (2010). Where the meaning of a statute is not plain from its language, we consider the "cause of its enact-

"(i) the clarity of the statement, meaning, the child's capacity to observe, remember, and give expression to that which such child has seen, heard, or experienced; provided, however, that a finding under this clause shall be supported by expert testimony from a treating psychiatrist, psychologist, or clinician;

"(ii) the time, content and circumstances of the statement;

"(iii) the existence of corroborative evidence of the substance of the statement regarding the abuse including either the act, the circumstances, or the identity of the perpetrator;

"(iv) the child's sincerity and ability to appreciate the consequences of the statement.

"(*d*) An out-of-court statement admissible by common law or by statute shall remain admissible notwithstanding the provisions of this section."

[4]We held in *Adoption of Quentin*, 424 Mass. 882, 892-893 (1997), that G. L. c. 233, § 82, comports with due process where four procedural protections supplement the statutory requirements: (1) that the Commonwealth give prior notice of its intent to use such statements, *id.* at 893; (2) that the Commonwealth show, "by more than a mere preponderance of evidence, a compelling need for use of such a procedure," *id.*, quoting *Commonwealth* v. *Colin C.*, 419 Mass. 54, 64 (1994); (3) that "any separate hearing regarding the reliability of a child witness's out-of-court statement must be on the record and a judge's basis for determining reliability must be supported by specific findings," *Adoption of Quentin, supra*; and (4) that there is "independently admitted evidence that corroborates the out-of-court statement." *Id.* See *Adoption of Olivette*, 79 Mass. App. Ct. 141, 146-147 (2011) (same).

ment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated." *DiFiore* v. *American Airlines, Inc.*, 454 Mass. 486, 490 (2009), quoting *Industrial Fin. Corp.* v. *State Tax Comm'n*, 367 Mass. 360, 364 (1975).

Applying that standard of statutory interpretation, we believe that it is adequately clear, albeit not perfectly clear, that the phrase, "out-of-court statements of a child under the age of ten," means statements made out-of-court by a child who was under the age of ten.[5] The alternative interpretation argued by the mother — that the phrase means statements made by a child who is under ten at the time the statement is offered in evidence — adds language to the statute that the Legislature chose not to include. "We do not read into the statute a provision which the Legislature did not see fit to put there, nor add words that the Legislature had an option to, but chose not to include." *Commissioner of Correction* v. *Superior Court Dep't of the Trial Court for the County of Worcester*, 446 Mass. 123, 126 (2006).

Because the meaning of the language is not crystal clear, we consider whether our interpretation of the statute is consistent with its purpose, which we have earlier characterized as striking a "balance between the parents' due process right to rebut evidence and the State's need to protect children." *Adoption of Quentin*, 424 Mass. 882, 892 (1997). We conclude that it is consistent. Because the out-of-court statement of a child declarant is fixed in time and precedes the admission of the statement in evidence, this interpretation protects all children who describe their sexual abuse before they were ten years of age, no matter how long it takes before the sexual abuse becomes the subject of a civil proceeding. It also protects young children from the risk that a delay in the investigation or trial of a sexual abuse case may render inadmissible their out-of-court statements, and it eliminates a sexual abuser's incentive to delay the trial to

---

[5]Some States have enacted comparable statutes that have been clearer as to whether the statute applies to statements made when the child is under a specified age or to statements made by a child who is under a specified age at the time of trial. See, e.g., Cal. Evid. Code § 1360 (West Supp. 2011) ("statement made by the victim when under the age of 12"); Del. Code Ann. tit. 11, § 3513 (2007) ("out-of-court statement made by a child victim or witness who is under 11 years of age at the time of the proceeding").

prevent the admission of the child's damaging hearsay statements. Finally, this interpretation also protects young children from a dilemma that Daisy may have faced had the judge adopted the mother's interpretation — either testify and endure the psychological or emotional trauma that likely will result from testifying in court, or avoid the trauma of testifying and endure the psychological or emotional trauma that likely will result if the parent's abuse cannot be proved and the child returns to the custody of the abusive parent.

The mother argues that this interpretation of § 82 must be rejected because it will lead to the "absurd result" that hearsay statements made by a child under ten years of age may be admitted in evidence even though the child at the time of trial is substantially older, perhaps sixteen or seventeen years of age. We do not believe this result is absurd, because the hearsay statements will only be admissible under § 82 if the child is unavailable, as defined in § 82 (b). If testifying at trial would not cause the older child severe psychological or emotional trauma, and if none of the other grounds to find unavailability is present, the statements would not be admissible without the older child testifying. If, despite the passage of years, testifying would still cause the child severe psychological or emotional trauma, or if the older child is unavailable because of a physical or mental illness, the invocation of a privilege, lack of memory, incompetence, or because the child cannot be located, we see nothing absurd about admitting such testimony of sexual abuse where a judge has found it reliable.[6]

*Conclusion.* For the reasons discussed above, we conclude that the phrase, "out-of-court statements of a child under the age of ten," in G. L. c. 233, § 82, refers to hearsay statements made by a child when the child was under the age of ten, not to hearsay statements made by a child who is under the age of ten at the time the statement is offered at trial. We therefore conclude that the hearsay statements by Daisy that were made when she was under the age of ten but admitted in evidence when she

---

[6]We have examined the sparse legislative history and found nothing that materially sheds light on the Legislature's purpose in crafting the phrase, "out-of court statements of a child under the age of ten," or casts doubt on our interpretation of the phrase.

was eleven years of age were properly admitted, and affirm the judge's decree.

*So ordered.*