Rubin, J.
(dissenting). The statute in this case is unambiguous, and because it is a fundamental rule of statutory construction in our Commonwealth that the words of an unambiguous statute should be interpreted according to their plain meaning, I respectfully dissent. See Bridgewater State Univ. Foundation v. Assessors of Bridgewater, 463 Mass. 154, 158 (2012).
The words used by the Legislature in the definition of “residential” property set out in G. L. c. 59, § 2A{b), as amended *357 through St. 2008, c. 522, § 3, are clear. “Class one, residential” property status is limited to “property used or held for human habitation containing one or more dwelling units .... Such property includes accessory land, buildings or improvements incidental to such habitation and used exclusively by the residents of the property or their guests. . . .” (Emphasis added.) The garage here of course is not used for human habitation, but is an “accessory . . . building[ ]”; the board’s findings establish, and it is conceded by the taxpayer, that it has never been used exclusively by the Tower residents and their guests. Therefore, the garage is not residential property within the meaning of the statute.
In an attempt to get around this, the majority argues, at least at first, that the statute is ambiguous, and that the exclusive use language can refer in this context “to that portion of the property used exclusively for residential accessory purposes.” Ante at 355. But the statutory language is clear. The garage is an accessory building, and an “accessory . . . building[ ]” must be “used exclusively” by the residents or guests of the residential property to which it is an accessory to be entitled to classification as residential property. To say that only a portion of the building must be “used exclusively” by residents or guests is not to construe an ambiguous clause about exclusive use. It is to read it out of the statute.
To be sure, the statute also contains a “mixed use” provision that states, “Where real property is used or held for use for more than one purpose and such uses result in different classifications, the assessors shall allocate to each classification the percentage of the fair cash valuation' of the property devoted to each use according to the guidelines promulgated by the commissioner” (emphasis added). G. L. c. 59, § 2A(b). But in this case the use of a part of the garage for residents of the Tower does not result in a “different classification[ ]” of that portion of the garage from the commercial classification of the rest of the garage. None of the garage is residential property because the garage is neither used for human habitation nor used exclusively by residents of the Tower or its guests. Rather, the entire garage — the parts used by Tower residents and the parts available to the public — is all properly classified as “ ‘Class three, commercial’, property used or held for use for business purposes and not specifically includible in another class . . . .” G. L. c. 59, § 2A(b). The majority would rely on Lynn Hosp. v. Assessors of Lynn, 383 Mass. 14, *358 17-19 (1981), in support of a mixed-use classification, but that case holds only that under a different statute that does not contain an “exclusive use” provision, that portion of a garage owned by a hospital and which the hospital used can be exempt from taxation even though another portion of the garage is not exempt. That case has no bearing on the issue in this case.
Of course there are debates about the proper way to construe statutes. Indeed, there is some indication that questions concerning the proper canons of statutory construction are becoming more pronounced in our legal culture. Compare, e.g., King v. Burwell, 135 S. Ct. 2480, 2495 (2015) (“Petitioners’ arguments about the plain meaning of [the Affordable Care Act] are strong. But while the meaning of the phrase [relied upon by Petitioners] may seem plain ‘when viewed in isolation,’ such a reading turns out to be ‘untenable in light of [the statute] as a whole.’ ... In this instance, the context and structure of the Act compel us to depart from what would otherwise be the most natural reading of the pertinent statutory phrase”), with id. at 2497 (Scalia, J., dissenting) (“Let us not forget . . . why context matters: It is a tool for understanding the terms of the law, not an excuse for rewriting them”).
This debate may in part be reflected here: The majority begins by saying the statute is ambiguous, but then, perhaps a bit more candidly, it acknowledges that it is not reading the statute “literally.” Rather, it says that it is construing it in the way that is “the most reasonable and sensible in the circumstances.” Ante at 355, quoting from Bridgewater State Univ. Foundation v. Assessors of Bridgewater, 463 Mass. 154, 160-161 (2012).
But the Supreme Judicial Court has instructed that statutory language that is clear and unambiguous is conclusive as to legislative intent, see Commissioner of Correction v. Superior Ct. Dept. of the Trial Ct., 446 Mass. 123, 124 (2006), and that this rule “has particular force in interpreting tax statutes.” Gillette Co. v. Commissioner of Revenue, 425 Mass. 670, 674 (1997), quoting from Commissioner of Revenue v. AMIWoodbroke, Inc., 418 Mass. 92, 94 (1994). We are bound to apply these rules. Is the clear construction of the statute I put forth “absurd or unreasonable” such that it may be ignored under the Supreme Judicial Court’s decision in Bridgewater State Univ. Foundation v. Assessors of Bridgewater, 463 Mass. at 158? I am not persuaded. In fact, I do not see how one can even make the case. Taxing a garage used by residents of a building across the street as “commercial” *359 property rather than taxing a portion of it as “residential” property obviously is not “absurd,” and I cannot see how a choice either way could be called “unreasonable.” These are context-specific lines created in order to balance all the various interests that go into providing property with tax classifications. They are archetypical decisions of the legislature that, when expressed clearly, should not — really cannot — be subject to judicial second guessing.
Do I think it is utterly unfair that the board of assessors of Worcester taxed this garage at a mixed-use rate for some twenty years, then changed its mind and upended the taxpayer’s reasonable expectations? You bet. But as the majority correctly notes, ante at 353, under settled law, the city cannot be estopped by its prior action.
So that leaves me where I began: with a clear statute that requires reversal of the Appellate Tax Board decision. With respect, I dissent.