The plaintiffs appeal from a judgment of the Land Court, entered after a bench trial, affirming the decision of the Concord board of appeals (board) upholding issuance of a building permit to FCI Investors, Inc. The plaintiffs contend that the judge erred by 1) finding that the carriage house on the property did not lose its protections as a prior nonconforming use as a residence; and 2) in upholding the particular manner in which the board calculated the size of the reconstructed residence that the defendants would be allowed to build.[4] We affirm.
Discussion. 1. Continuous nonconforming use. The plaintiffs contend that the judge erred as a matter of fact and law in finding that the carriage house was continuously used as a residence since before 1928. We are not persuaded.
A judge's findings from a bench trial must stand unless clearly erroneous, Mass. R. Civ. P. 52 (a), as amended, 423 Mass. 1402 (1996). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Building Inspector of Lancaster v. Sanderson, 372 Mass. 157, 160-161 (1977), quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). And, we review "determinations of law, including interpretations of zoning bylaws, de novo." Doherty v. Planning Bd. of Scituate, 467 Mass. 560, 567 (2014).
Under the Concord zoning bylaw § 7.1.6, "[a] nonconforming use or structure which has been abandoned, or not used for a period of two years, shall lose its protected status and be subject to all of the provisions of this zoning bylaw." Although the bylaws define "abandonment," they do not define "nonuse." Generally, nonuse of a nonconforming dwelling requires both vacancy and the lack of any attempt to rent, sell, or maintain the dwelling. See Bartlett v. Board of Appeals of Lakeville, 23 Mass. App. Ct. 664, 665-666 (1987) (apartments vacant, unmaintained, and not advertised for ten years lost protection for prior nonconforming use).
Here, the carriage house is a nonconforming structure that predates the promulgation of the Concord zoning bylaws in 1928. The judge found that it has been occupied as a residence since before 1928 with only a nineteen-month gap from 1998 to 2000. The record supports the judge's findings and the town census, which lists the residents of the carriage house with only some reasonably explainable gaps in time, is not inconsistent, as Nicholas Boynton, who owned the property from 2003 until 2014, testified that the town both knew of the residential use of the carriage house and considered it a rental unit long before his ownership. Further, there was testimony that the gaps in the census do not necessarily reflect that no one resided at the property but rather that its residents could have failed to return a completed census form. On this record, we discern no clear error.
The judge also ruled as a matter of law that, even if the gap in occupancy was longer than nineteen months, it did not qualify as nonuse since the evidence showed that the owners maintained and held out the carriage house as residential rental space. Both Bartlett and the evidence before the judge support this determination. Specifically, Michael Bushnell, who rented the carriage house from 1993 to 1998, testified that the then owner periodically asked him to do repairs on the carriage house after 1998 to maintain it as a residence.
2. Gross floor area calculation. The plaintiffs next contend that the ground floor of the carriage house should not count toward its gross floor area for purposes of Concord zoning bylaw § 7.1.5 because it was never part of the prior nonconforming use as a residence. We disagree.
"We accord deference to a local board's reasonable interpretation of its own zoning bylaw ... with the caveat that an 'incorrect interpretation of a statute ... is not entitled to deference.' " Doherty, 467 Mass. at 566, quoting Shirley Wayside Ltd. Partnership v. Board of Appeals of Shirley, 461 Mass. 469, 475 (2012). Otherwise, all "traditional canons of statutory construction" apply to our interpretation of a bylaw. Doherty, supra at 567.
Concord zoning bylaw § 7.1.5 provides an exception to the special permit process for nonconforming single and two-family residences "[w]here the proposed extension[5] does not increase the gross floor area contained within the existing structure more than fifty percent." The Concord zoning bylaw § 1.3.12 defines "gross floor area" as "[t]he sum of the horizontal areas of the floors of a building measured from the exterior face of exterior walls, or from the centerline of a wall separating two buildings, not including any space where the floor to ceiling height is less than six feet, eight inches."
The board interpreted the provisions to include the carriage house's ground floor, which included garage areas, when calculating its original gross floor area. Section 1.3.12, which does not differentiate floor area based on use but merely ceiling height, reasonably supports the board's interpretation. Canton v. Commissioner of the Massachusetts Highway Dep't, 455 Mass. 783, 794 (2014), quoting Commissioner of Correction v. Superior Court Dep't of the Trial Court for the County of Worcester, 446 Mass. 123, 126 (2006) ("We do not read into [a] statute a provision which the [legislative body] did not see fit to put there, nor add words that the [legislative body] had an option to, but chose not to include"). Accordingly, even if another interpretation is equally availing, where the board's interpretation finds reasonable support in the bylaws, we owe it deference. Cf. Falmouth v. Civil Serv. Comm'n, 447 Mass. 814, 821 (2006) (because agencies have considerable leeway in interpreting statutes they enforce, "[g]iven ... two equally plausible readings of the statutory language, we defer to the commission's reasonable interpretation"). The parties do not dispute that the board's interpretation of its bylaws means the proposed reconstruction of the carriage house would increase the gross floor area by forty-nine percent -- slightly below the fifty percent threshold which prompts the special permit requirement. Accordingly, there is no error.
Judgment affirmed.

The parties also raise the issue of the plaintiffs' standing. Because standing is not outcome determinative, we assume, without deciding, that the plaintiffs have standing, and address the merits of this appeal. Mostyn v. Department of Envtl. Protection, 83 Mass. App. Ct. 788, 792 (2013).

The judge and the board ruled that the word "extension" in § 7.5.1 incorporates the terms "reconstruction," "alteration," and "structural change." The Fitches do not contest this on appeal.