COMMONWEALTH *vs.* JOHN D. DiBENNADETTO.

Suffolk. February 4, 2002. - March 13, 2002.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts. *District Attorney. Probable Cause. Practice, Criminal,* Complaint, Dismissal. *District Court,* Clerk-magistrate.

This court concluded that a District Court or Boston Municipal Court judge may not conduct a de novo evidentiary hearing to review a clerk-magistrate's finding of probable cause to issue process on an application for a criminal complaint, and that a motion to dismiss is the appropriate and only way for a criminal defendant to challenge a finding of probable cause. [312-315]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on August 1, 2000.

The case was reported by *Greaney,* J.

*Joseph M. Ditkoff,* Assistant District Attorney (*Joseph G. Mc-Cann, Jr.,* with him) for the Commonwealth.

*Patrick J. Murphy* for the defendant.

COWIN, J. In this case, show cause hearings to determine whether process should issue on an application for a criminal complaint were held before two different clerk-magistrates of the Boston Municipal Court Department (BMC). Each clerk-magistrate found that probable cause existed for the issuance of a complaint against the defendant for assault and battery on Bruce Sumoski, the complainant. A judge of the BMC nevertheless held a de novo hearing and found that no probable cause existed to issue the complaint. Thus, it took the defendant three bites at the apple to obtain this favorable result. We determine that a District Court or a BMC judge may not conduct a de novo evidentiary hearing to review a clerk-magistrate's finding of probable cause to issue process on an application for a criminal complaint. Thus, we vacate the decision of the judge

of the BMC that no probable cause existed, and reinstate the complaint.

The facts necessary to our resolution of the above issue are essentially undisputed. Sumoski alleged that the defendant, his former landlord, struck him one night, causing him to lose consciousness. The defendant admitted involvement in some type of an encounter with Sumoski, but denied the alleged assault and battery. A police officer filed an application in the BMC for the issuance of a complaint, and, after a show cause hearing, an assistant clerk-magistrate issued process. At the defendant's arraignment almost one month later, a judge in the BMC ordered the case reheard by a different clerk-magistrate after the defendant alleged that his witness had been denied the opportunity to testify at the show cause hearing. The second clerk-magistrate again found probable cause; the defendant "appealed"; and once more the parties appeared before the same BMC judge. This time the defendant claimed that a police officer acquainted with the complainant had been improperly permitted by the clerk-magistrate "to ask questions of the [defendant] or make comments." The judge then conducted yet a third evidentiary hearing and found that no probable cause existed. The Commonwealth filed a petition for relief pursuant to G. L. c. 211, § 3, and the case was reserved and reported to the full court.

General Laws c. 211, § 3, "confers on this court the power of 'general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided.' This discretionary power of review has been recognized as 'extraordinary' and will be exercised only in 'the most exceptional circumstances.' . . . A party seeking review under c. 211, § 3, must 'demonstrate both a substantial claim of violation of [his or her] substantive rights and error that cannot be remedied under the ordinary review process.' *Planned Parenthood League of Mass., Inc.* v. *Operation Rescue*, [406 Mass. 701, 706 (1990)], quoting *Dunbrack* v. *Commonwealth*, 398 Mass. 502, 504 (1986)." *McGuinness* v. *Commonwealth*, 420 Mass. 495, 497 (1995). "Parties seeking review must demonstrate that they have no other legal remedy to pursue and, therefore, a petition under c. 211, § 3, is the only alternative." *Id.*

The Commonwealth, acting through its respective district attorneys, has a substantial interest in prosecuting the commission of crimes. Indeed, "the Commonwealth may well be the only party that has standing to challenge the [court's] actions in the case before us." *Commonwealth* v. *Clerk of the Boston Div. of the Juvenile Court Dep't*, 432 Mass. 693, 698 (2000). "[T]he right[] to pursue criminal prosecution '[is] not private but [is] in fact lodged in the Commonwealth as it may proceed to enforce its laws.' " *Bradford* v. *Knights*, 427 Mass. 748, 751 (1998), quoting *Whitley* v. *Commonwealth*, 369 Mass. 961, 962 (1975). No statute provides the Commonwealth a right of appeal from an adverse determination of probable cause by a judge in the BMC or District Court Department. See Mass. R. Crim. P. 15 (a) (4), as appearing in 422 Mass. 1501 (1996) ("No interlocutory appeal or report may be taken of matters arising out of a probable cause hearing"). Thus, pursuant to our power under G. L. c. 211, § 3, to exercise "general superintendence of the administration of all courts of inferior jurisdiction," we proceed to consider the merits of the Commonwealth's claim.

The statutory provisions authorizing the issuance of criminal complaints by justices (or clerks-magistrates), G. L. c. 218, §§ 35 and 35A,[1] do not authorize a subsequent rehearing of the clerk-magistrate's finding. They provide only that "the person

---

[1]Section 35A provides in pertinent part:

"If a complaint for a misdemeanor is received by a district court, or by a justice, associate justice or special justice thereof, or by a clerk, assistant clerk, temporary clerk or temporary assistant clerk thereof under section thirty-two, thirty-three or thirty-five, as the case may be, the person against whom such complaint is made, shall, if not under arrest for the offen[s]e for which the complaint is made, upon request in writing, seasonably made, be given an opportunity to be heard personally or by counsel in opposition to the issuance of any process based on such complaint.

"If such complaint is received, the court, or any of said officers referred to in the preceding paragraph, shall, unless there is an imminent threat of bodily injury, of the commission of a crime or of flight from the commonwealth by the person against whom such complaint is made, give to said person, if not under arrest for the offense for which the complaint is made, notice in writing of such complaint; and said person shall be given an opportunity to be heard in opposition to the issuance of process as provided in the first paragraph. . . .

"The court, or said officer thereof, may upon consideration of the evidence cause process to be issued unless there is no probable cause to believe that the person who is the object of the complaint has committed the offense charged."

against whom such complaint is made [with certain exceptions not here relevant], shall be given an opportunity to be heard in opposition to the issuance of process [based on such application]." G. L. c. 218, § 35A. We have had recent occasion to consider these provisions. In *Bradford* v. *Knights, supra* at 752-753, we concluded that judges of the BMC (and, by implication, of the District Court Department) have inherent authority to rehear denials of applications for criminal complaints by clerk-magistrates. We reached this result in the context of a complainant whose application for a complaint had been denied by a clerk-magistrate because such complainant lacks "further recourse." *Id.* at 753. We also stated: "If the person complained of believes that there was not probable cause to charge him with a crime, he may move to dismiss the complaint." *Id.* We now hold that the issuance of a complaint by a clerk-magistrate is not to be revisited by a further show cause hearing; the defendant's remedy is a motion to dismiss the complaint. The procedure to which we referred in the *Bradford* case, a motion to dismiss, is the appropriate and only way to challenge a finding of probable cause. After the issuance of a complaint, a motion to dismiss will lie for a failure to present sufficient evidence to the clerk-magistrate (or judge), see *Commonwealth* v. *McCarthy*, 385 Mass. 160 (1982), for a violation of the integrity of the proceeding, see *Commonwealth* v. *O'Dell*, 392 Mass. 445 (1984), or for any other challenge to the validity of the complaint.

The defendant contends that *Bradford* v. *Knights, supra* at 752, recognized that a judge may reconsider a clerk's decision to issue a complaint: "The inherent power of a court in a timely and regular way, which violates no other provision of law, to rehear and reconsider its own determinations at its discretion has long been recognized." The *Bradford* case, however, was concerned with the opportunity for a complainant, whose application for complaint had been denied, to obtain some type of review of that decision in the absence of any mechanism of review, rehearing, or appeal. A defendant against whom a complaint is issued does not lack the opportunity for review of that decision. "[H]e may move to dismiss the complaint." *Bradford* v. *Knights, supra* at 753.

We fail to see any legal basis for the procedure followed in this case. Once a determination was made by the clerk-magistrate that probable cause existed for the issuance of the complaint, that stage of the proceedings ended. The complaint should have issued. Cf. commentary 1 to Standard 3:17 of the District Court Standards of Judicial Practice: The Complaint Procedure (1975) ("[T]he complainant need only present a statement of accusation which in the eyes of the magistrate is complete in terms of the elements of the crime and reasonably believable in terms of its allegations. Once the magistrate has satisfied himself on these two factors, process must issue").[2] Any alleged defect in the procedure before the clerk-magistrate (whether failure to permit testimony of a defense witness, interference with the proceeding by an unauthorized participant or other challenge) can only be remedied by means of a motion to dismiss after the issuance of the complaint.

Although it is not essential to our decision that we discuss the authority of a clerk-magistrate to refuse to hear testimony from defense witnesses,[3] the subject is one of general concern, and it is an issue that may arise in the future. *Commonwealth* v. *O'Dell*, *supra* at 450. Although clerk-magistrates have considerable discretion to limit the scope of testimony at probable cause hearings, see *Commonwealth* v. *Riley*, 333 Mass. 414, 415-416 (1956), G. L. c. 218, § 35A, provides the person against whom the complaint is sought an opportunity to be heard. Unreasonable restrictions on the opportunity to present witnesses can be tantamount to the denial of the right of a hearing created by the statute. Of course, the clerk-magistrate retains discretion to limit the number of defense witnesses to prevent cumulative or irrelevant testimony. Finally, we note that there is a difference

---

[2] "The BMC is a separate department of the Trial Court, and is not one of the District Courts of the Commonwealth. We have been cited to no rules of the BMC equivalent to those of the District Court. The BMC does, however, in this as in many other matters exercise similar jurisdiction to that of the District Courts . . . . The BMC, being a smaller and more concentrated body of judges and clerks, has perhaps not found it necessary to formalize in rules the conditions for the exercise of what we have held to be an inherent power. The public might be better served if there were such an explicit standard . . . ." *Bradford* v. *Knights*, 427 Mass. 748, 752-753 (1998).

[3] Our discussion of this issue is not to be taken as any comment on whether defense witnesses were improperly excluded in the instant case.

between preventing defense witnesses from testifying and denial of cross-examination. See *id.* (one against whom complaint has been made does not have right to cross-examine witnesses at hearing on issuance of process on complaint). Cross-examination goes only to the credibility of the complainant, not to the right to be heard.

The decision of the BMC judge that no probable cause existed is vacated. The finding of probable cause shall be reinstated. The case is remanded to the Supreme Judicial Court for the county of Suffolk for entry of an appropriate order.

*So ordered.*