COMMONWEALTH *vs.* LANCE C. HUGGINS.

No. 12-P-14.

Plymouth. October 4, 2012. - August 8, 2013.

Present: GRASSO, FECTEAU, & AGNES, JJ.

*Motor Vehicle,* Operating under the influence. *Arrest. Probable Cause. Practice, Criminal,* Dismissal. *Evidence,* Field sobriety test.

There was no merit to the criminal defendant's claim, raised for the first time on appeal, that he was entitled to dismissal of a charge of operating a motor vehicle while under the influence of intoxicating liquor on the ground that police officers lacked probable cause to arrest him because they relied on his refusal to perform field sobriety tests to make their judgment of intoxication, where the defendant had gone to trial and been found guilty. [109-110]

Statement of the role of a judge when a criminal defendant alleges that there was no probable cause for the issuance of a complaint. [110-112]

COMPLAINT received and sworn to in the Brockton Division of the District Court Department on March 30, 2009.

A motion to dismiss was heard by *Angel Kelley Brown*, J., and the case was heard by *James F.X. Dinneen*, J.

*Michael P. Gerace* for the defendant.

*Robert C. Thompson*, Assistant District Attorney, for the Commonwealth.

AGNES, J. The defendant, Lance Huggins, raises a single issue following his conviction of operating a motor vehicle while under the influence of intoxicating liquor, second offense:[1] whether the judge erred in finding that the charge was supported by probable cause when both the police and the judge relied in part on evidence that, at the scene, the defendant refused to perform field sobriety tests. For the reasons that follow, we affirm.

[1]See G. L. c. 90, § 24(1)(*a*)(1), fourth par.

*Background.* The defendant's pretrial motion to "dismiss/suppress" sought two different types of relief — the suppression of evidence and the dismissal of the charge. Only the motion to dismiss is before us.[2] The judge conducted an evidentiary hearing, and heard testimony from three police officers. We summarize the facts found by the judge, supplemented "with uncontested testimony from the suppression hearing that the judge explicitly or implicitly credited." *Commonwealth* v. *Bermudez,* 83 Mass. App. Ct. 46, 47-48 (2012).

On March 30, 2009, at approximately 12:45 A.M., Officer Baker of the Brockton police department was on routine patrol when he noticed headlights shining into a wooded area near Intervale Street. On investigation, he saw a vehicle approximately fifteen feet off the side of the road. The vehicle had struck a few trees and "was hung up on some rocks." The roads were dry. The area was well lit. The defendant was in the driver's seat of the vehicle when Officer Baker approached it. After determining that there was no need for immediate medical assistance, he returned to his cruiser and called for a tow truck. Several additional officers arrived. Officer Kalp approached the defendant, who was still seated in his vehicle, to ask for his license and registration. He noticed "an extremely strong odor of alcoholic beverage coming from [the defendant's] breath." When asked for his license and registration, the defendant threw personal papers out of the window of his vehicle as he looked for the items. He produced his license. Although the passenger doors were operable, the police had to force the driver's side door open to enable the defendant to get out of his vehicle.

Once outside the vehicle, the defendant told the police he had been there for forty-five minutes. The police observed that he was "very erratic," and his manner was rude and belligerent.

---

[2] Insofar as the defendant sought to suppress certain evidence seized by the police at the scene, the issue was resolved prior to the evidentiary hearing by a stipulation between the Commonwealth and the defendant in which the Commonwealth agreed that because one of the officers, who was a necessary witness, was unavailable due to military service, it would not offer any evidence at trial with respect to items that were seized from the defendant's vehicle. The stipulation covered the evidence seized from the defendant's vehicle, but not the observations made by the police of the defendant's behavior nor his statements made to the police at the scene and at the police station.

He said a neighbor had come by who was supposed to telephone the police. There was no record of such a call having been made. The defendant also told the police that another car forced him off the road, but he could not supply the officers with any details about what had occurred or give a description of the other vehicle or the direction in which it was traveling. Officer Kalp opined that the defendant was under the influence of alcohol; he testified that his determination that the defendant was intoxicated was based in part on the defendant's refusal to perform field sobriety tests. The defendant was handcuffed, arrested, advised of the Miranda warnings, and transported to the police station for booking.

At the conclusion of the hearing, the judge denied the motion to dismiss. The judge stated that the basis for her decision was the totality of the circumstances as depicted by the three officers who testified, including the defendant's demeanor, the strong odor of alcohol, the location of the defendant's vehicle, and his refusal to perform field sobriety tests.

*Discussion.* 1. *Challenging probable cause for arrest after conviction.* The defendant claims for the first time on appeal that he is entitled to the dismissal of the charge because the police lacked probable cause for his arrest since they relied on his refusal to perform field sobriety tests to make that judgment. This argument overlooks the fact that "[a]n illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *Commonwealth* v. *Jacobsen,* 419 Mass. 269, 275 (1995), quoting from *United States* v. *Crews,* 445 U.S. 463, 474 (1980).[3] Because the defendant went to trial and was found guilty, there is no basis for a claim of

---

[3]Before a sentence of imprisonment to State prison may be imposed, the defendant has a right under art. 12 of the Massachusetts Declaration of Rights to have the case presented to, and an indictment returned by, the grand jury. See *Commonwealth* v. *Barbosa,* 421 Mass. 547, 549-550 (1995). That right embodies the requirement that the grand jury hear evidence establishing probable cause to believe that the individual in question committed the crime charged. See *Connor* v. *Commonwealth,* 363 Mass. 572, 576 (1973). There is, therefore, a constitutional basis for a so-called *McCarthy* motion. See *Commonwealth* v. *McCarthy,* 385 Mass. 160, 163 (1982) (unless evidence heard by grand jury satisfies standard of probable cause, all subsequent proceedings are void). On the other hand, there is no constitutional right to a probable cause hearing prior to the issuance of a criminal complaint. See *Commonwealth*

prejudice resulting from a pretrial determination of probable cause. See *Commonwealth* v. *Greenwood*, 78 Mass. App. Ct. 611, 622, cert. denied, 132 S. Ct. 327 (2011).[4],[5]

2. *Judge's role when acting on a motion to dismiss.* We take this opportunity to clarify the judge's role when it is alleged that there was no probable cause for the issuance of a complaint. When, as in this case, a person is arrested without a warrant, the initial assessment of probable cause is made by the arresting police officer. See *District Attorney for the Norfolk Dist.* v. *Quincy Div. of the Dist. Ct. Dept.*, 444 Mass. 176, 182 (2005). In such cases, when the person is promptly released (whether on bail or personal recognizance),[6] a judicial officer must make an independent determination of probable cause before a complaint is issued. See Mass.R.Crim.P. 3(g)(2), as appearing in 442 Mass. 1502 (2004).[7] See also *District Attorney for the*

v. *Lyons*, 397 Mass. 644, 646-647 (1986). See also *Commonwealth* v. *Clerk-Magistrate of the W. Roxbury Div. of the Dist. Ct. Dept.*, 439 Mass. 352, 359 (2003).

[4]There is thus no occasion in this case for us to reach the question whether the police may rely on a person's refusal to perform field sobriety tests in determining probable cause. Even if we assume the judge should not have relied on such evidence in making her determination of probable cause, the remedy is to examine what evidence remains and determine whether it is sufficient to establish probable cause. See *Commonwealth* v. *Webster*, 75 Mass. App. Ct. 247, 255 (2009).

[5]Even were the issue of probable cause properly at issue in this case, the defendant's contention that without the evidence of his refusal to perform field sobriety tests the police lacked probable cause to believe he was impaired would fail. Assuming that the information contained in the application in support of the complaint in this case, see Mass.R.Crim.P. 3(g), as appearing in 442 Mass. 1502 (2004), was similar to the evidence heard by the judge at the hearing, there was an ample showing of probable cause. The absence of certain common indicia of alcohol intoxication, such as red and glassy eyes, slurred speech, and unsteadiness, see *Commonwealth* v. *Blais*, 428 Mass. 294, 296 (1998), is not fatal. See *Commonwealth* v. *Hason*, 387 Mass. 169, 174 (1982), quoting from *Brinegar* v. *United States*, 338 U.S. 160, 175 (1949) ("In dealing with probable cause . . . we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent [persons], not legal technicians, act").

[6]When a person who has been arrested is held in custody, a judicial officer must make an out-of-court, ex parte determination of probable cause as soon as reasonably possible but no later than twenty-four hours after the arrest unless there are exigent circumstances. See Mass.R.Crim.P. 3.1, 442 Mass. 1503 (2004).

[7]"Judicial officer" includes judges as well as "a clerk-magistrate, assistant

*Norfolk Dist., supra* at 186 & n.16. At this stage, "the facts on which a complaint is based [shall] either be submitted in writing or, in the discretion of the appropriate judicial official, conveyed orally so long as the oral statement is transcribed or otherwise recorded." Reporters' Notes to Mass.R.Crim.P. 3(g)(1), Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1344 (LexisNexis 2012-2013). See *Commonwealth* v. *Lester L.,* 445 Mass. 250, 256 & n.5 (2005). If the defendant is not satisfied with this determination, the remedy is a postarraignment motion to dismiss.

A motion to dismiss a complaint, in which the defendant challenges whether the charge is supported by probable cause, is a very limited remedy analogous to a postindictment motion to dismiss under *Commonwealth* v. *McCarthy,* 385 Mass. 160, 163 (1982) ("at the very least the grand jury must hear sufficient evidence to establish the identity of the accused and probable cause to arrest him" [citation omitted]). Thus, in *Commonwealth* v. *DiBennadetto,* 436 Mass. 310, 313 (2002), the Supreme Judicial Court stated that "[a]fter the issuance of a complaint, a motion to dismiss will lie for a failure to present sufficient evidence to the clerk-magistrate (or judge)." We recently explained that "[u]nless the Commonwealth consents, a motion to dismiss a criminal complaint for lack of probable cause is decided from the four corners of the complaint application, without evidentiary hearing." *Commonwealth* v. *Bell,* 83 Mass. App. Ct. 61, 62 (2013).

In the present case, despite the fact that the prosecutor and defense counsel disagreed whether the observations made by the police at the scene were sufficient to establish probable cause, the judge should have decided the motion to dismiss on the basis of the written or recorded statement in support of the complaint on file with the clerk-magistrate in accordance with Mass.R.Crim.P. 3(g). The defendant has no right to cross-examine the Commonwealth's witnesses in advance of trial. *DiBennadetto,* 436 Mass. at 315. Here, the Commonwealth did not give its consent to an evidentiary hearing. Accordingly, the

clerk, temporary clerk-magistrate, or temporary assistant clerk." See Trial Court Rule XI(a)(1), Uniform Rule for Probable Cause Determinations for Persons Arrested Without a Warrant (1994).

judge should not have conducted an evidentiary hearing and should not have permitted the defendant to cross-examine the police officers.

*Judgment affirmed.*