NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-477

COMMONWEALTH

vs.

MARK A. TYLER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The Commonwealth appeals from an order dismissing a District Court complaint charging the defendant with assault by means of a dangerous weapon, in violation of G. L. c. 265, § 15B (b). We reverse.

We review a judge's ruling to allow a motion to dismiss a complaint for lack of probable cause de novo. Commonwealth v. Newton N., 478 Mass. 747, 751 (2018). A motion to dismiss a complaint for lack of probable cause "is decided from the four corners of the complaint application, without evidentiary hearing" (citation omitted). Id. Such a motion will be allowed if the application does not establish probable cause. Commonwealth v. DiBennadetto, 436 Mass. 310, 313 (2002). "To establish probable cause, the complaint application must set forth 'reasonably trustworthy information sufficient to warrant

a reasonable or prudent person in believing that the defendant has committed the offense'" (citation omitted). Newton N., supra. "Probable cause requires 'more than mere suspicion,' but 'considerably less than proof beyond a reasonable doubt, so evidence that is insufficient to support a guilty verdict might be more than sufficient to establish probable cause'" (citations omitted). Id. We assess the application in the light most favorable to the Commonwealth. See id.; Commonwealth v. Geordi G., 94 Mass. App. Ct. 82, 85 (2018).

"The elements of assault by means of a dangerous weapon are that a defendant committed an assault, the defendant intended to commit an assault, and the assault was committed by means of a dangerous weapon." Commonwealth v. Buttimer, 482 Mass. 754, 767 (2019). An assault can be committed either by attempted or immediately threatened battery. See Commonwealth v. Melton, 436 Mass. 291, 294 (2002). Here, the Commonwealth alleges an immediately threatened battery. To prove threatened battery, the Commonwealth must show that the defendant "engaged in objectively menacing conduct with the intent to put the victim in fear of immediate bodily harm" (quotation and citation omitted). Commonwealth v. Lednum, 75 Mass. App. Ct. 722, 725 (2009). The defendant need only have the apparent ability to do bodily harm or carry out his threat. See Buttimer, supra at 767-768.

2

According to the police report submitted with the application for complaint, the defendant was called to a family gathering by his sister, who told him that she had been "jumped" by her family members. Police saw the defendant's car "parked in the middle of the road." The alleged victim, the defendant's aunt, told police that when the defendant arrived, "he got out of the car and pulled out a gun and put it on the hood of the car." The defendant then asked her "who jumped my sister," and said "what are you going to do now" and "you don't know me." The defendant's aunt told police that she was "in fear for [her] life" when she saw the defendant with a gun. According to the defendant's uncle, after the gun was put on the hood of the car, the defendant said, "Don't make me slap out of you." When the uncle tried to take the gun to "safely keep it," the defendant "grabbed [it] and put it inside his coat." The defendant's girlfriend indicated that she and her young daughter accompanied the defendant to the gathering, there was "a lot of yelling, about [ten] to [fifteen] family members surrounded [the defendant]" and he "pulled out his gun, while still in the holster, [] put it on the hood of his car and stated that he was not going to use it."

The judge dismissed the case on the basis that the complaint did not establish probable cause that the defendant committed assault by means of a dangerous weapon because "[t]he

3

police report doesn't say that this holstered gun was pointed at anyone, that the defendant made any statements threatening to use the gun.  And, in fact, the police report indicates, and there's corroboration of it, that he says he didn't intend to use it, which never happened."

We are persuaded by the Commonwealth's argument that the defendant's words and conduct, when viewed in the light most favorable to the Commonwealth, could reasonably be interpreted as menacing and intending to place those around him, including his aunt, in fear of imminent harm.  See Commonwealth v. Lavrinenko, 473 Mass. 42, 56 (2015); Commonwealth v. Mattei, 455 Mass. 840, 845-846 (2010).  To establish probable cause for assault by means of a dangerous weapon, there is no requirement that the gun be pointed at someone.  See Commonwealth v. Lengsavat, 49 Mass App. Ct. 243, 244-245 (2000).  Although evidence that the defendant said he did not intend to use the gun may well be material and even persuasive at trial, there is no indication in the police report that the aunt (or anyone other than the defendant's girlfriend) heard him say it. Moreover, statements to police by the defendant's girlfriend that the gun was holstered do not necessarily negate probable cause of the defendant's intent or reasonable apprehension of harm by the victim.  See Commonwealth v. Arias, 78 Mass. App. Ct. 429, 435 (2010) ("to indulge this argument, we would have to

4

view the evidence in the light <u>least</u> favorable to the Commonwealth, which, of course, we cannot do").  The defendant's statements as reported by his aunt and uncle, while not overt threats to use the gun, were confrontational.  In context, taking the gun out of his coat and placing it on the hood of his car where all around him could see it could reasonably be construed as a threatening gesture.

In sum, the facts alleged in the police report appended to the application for complaint were sufficient to establish probable cause to believe the defendant committed the crime of assault by means of a dangerous weapon.  The order allowing the motion to dismiss is reversed, and the case is remanded for further proceedings consistent with this memorandum and order.

<u>So ordered</u>.

By the Court (Milkey, Singh & Brennan, JJ.[1]),

*Joseph F. Stanton*
Clerk

Entered:  April 7, 2023.

---

[1] The panelists are listed in order of seniority.

5