NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1135

COMMONWEALTH

vs.

JACK W. JENNINGS, THIRD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the District Court, the defendant, Jack W. Jennings, was convicted of threatening to commit a crime in violation of G. L. c. 275, § 2.  On appeal, he contends that a District Court judge (motion judge) erred in denying his pretrial motion to dismiss pursuant to Commonwealth v. DiBennadetto, 436 Mass. 310, 313 (2002).  We affirm.

Background.  According to the statement of facts submitted in support of the application for criminal complaint:

"On January 14, 2020 inmate Jack JENNINGS Wl08747 threatened to assault Officer James Ayan.  Specifically, JENNINGS stated to Officer Ayan, 'I'm going to pay niggas to shit you down.  Inmates should throw piss and shit at CO's and stomp on them.'  JENNINGS also threatened to track down and assault Officer Ayans family upon his release. JENNINGS stated to Officer Tuck, "nothing personal but I want to kill you and slit your throat just because you wear that uniform."

Before trial, the defendant filed a motion to dismiss pursuant to DiBennadetto, 436 Mass. at 313, and argued that the information in the application for criminal complaint failed to establish probable cause that he committed the crime of threatening to commit a crime. Following a nonevidentiary hearing on the motion to dismiss, the motion judge determined that probable cause existed as to the defendant's threats against Officer Ayan[1] and Officer Ayan's family, but probable cause did not exist as to the threat to injure Officer Tuck.[2] Accordingly, the motion judge allowed the motion in part and denied it in part. Following his subsequent trial and conviction the defendant filed a timely notice of appeal.

Discussion. Where a clerk-magistrate has issued a criminal complaint, "a motion to dismiss[] is the appropriate and only way to challenge a finding of probable cause." DiBennadetto, 436 Mass. at 313. Typically, "[a] motion to dismiss for lack of probable cause 'is decided from the four corners of the complaint application, without evidentiary hearing.'" Commonwealth v. Leonard, 90 Mass. App. Ct. 187, 190 (2016),

---

[1] Based on the application for complaint, it is clear that Officer Ayan worked as a correctional officer at a facility where the defendant was an inmate. At trial, the evidence specified that Officer Ayan worked for the Department of Corrections, Souza Baranowski.

[2] The correctness of the judge's determination regarding the defendant's threats to injure Officer Tuck is not before us.

2

quoting Commonwealth v. Humberto H., 466 Mass. 562, 565 (2013). "The complaint application must include information to support probable cause as to each essential element of the offense." Humberto H., supra at 565-566. Our review of a judge's probable cause determination is a question of law, which we review de novo. Id. at 566. We view the information set forth in the complaint application "in the light most favorable to the Commonwealth." Leonard, supra.

To prove a threat to commit a crime, the Commonwealth must establish "an expression of intention to inflict a crime on another and an ability to do so in circumstances that would justify apprehension on the part of the recipient of the threat" (quotation omitted). Commonwealth v. Milo M., 433 Mass. 149, 151 (2001). On appeal, the defendant argues that the facts within the application for criminal complaint contain no description of surrounding circumstances or indicia of his intent, demeanor, or ability to carry out the threat, and thus the judge erred in denying the motion to dismiss. We disagree.

Considering the totality of the circumstances, see Commonwealth v. Santos, 94 Mass. App. Ct. 558, 561 (2018), there was information that the defendant was an inmate at a correctional facility; the defendant expressed a direct intent to injure Officer Ayan by threatening to pay "niggas" to "shit you down"; the defendant explained that "shit you down" meant

3

that the inmates he would pay would "throw piss and shit" at him as a "CO" or correctional officer, and stomp on him.  A reasonable inference, and indeed the reasonable inference here, was that the defendant threatened to commit the crimes of assault and battery, G. L. c. 265, § 13A, and assault and battery on a correctional facility employee, G. L. c. 127, § 38B.

For similar reasons, the defendant's threat to "track down and assault Officer Ayans family upon his release" constituted "an expression of intention to inflict a crime on another and an ability to do so in circumstances that would justify apprehension" on Ayan's part.  Milo M., 433 Mass. at 151 (quotation omitted).  It matters not that the defendant was incarcerated at the time of the threat or that it is possible that he may not have had the ability to carry out the threat immediately.  See, e.g., Commonwealth v. Ditsch, 19 Mass. App. Ct. 1005, 1005 (1985) (absence of immediate or personal ability to carry out threat does not preclude conviction under G. L. c. 275, § 2).  "[T]he probable cause requirement is not onerous," Commonwealth v. Costa, 97 Mass. App. Ct. 447, 452

4

(2020), and the defendant's conduct here, viewed in the light most favorable to the Commonwealth, satisfied that standard.

<u>Judgment affirmed</u>.

By the Court (Meade, Neyman & Hand, JJ.[3]),

*Anne M. Thomas*

Assistant Clerk

Entered:  March 7, 2024.

---

[3] The panelists are listed in order of seniority.