NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1073

COMMONWEALTH

vs.

CHRISTOPHER FISICHELLA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A District Court jury convicted the defendant on two complaints charging him with violation of an abuse prevention order under G. L. c. 209A, § 7.  The defendant, representing himself, appeals from his convictions and from the denial of his motion to revise or revoke his sentences.[1]  He raises numerous arguments, including that he did not violate the terms of the abuse prevention order.  We affirm.

Background.  The victim and the defendant were formerly married; they separated in 2016 and divorced in 2018.  While or around the time the divorce proceedings were pending, the victim

_____

[1] The defendant also represented himself at trial after waiving his right to counsel.

obtained an abuse prevention order (order) against the defendant. The order initially issued in the District Court and was then transferred to the Probate and Family Court in December 2017. Paragraph 2 of the order prohibited the defendant from contacting the victim but contained a handwritten notation stating that "[e]mail communication is permitted."

In February 2018 the victim and the defendant appeared with counsel for an extension hearing in the Probate and Family Court. At the hearing they informed the judge of their agreement to extend the order for one year and to modify it per their written stipulation. The stipulation provided, among other things, that "[t]he terms of the extended restraining order shall remain in place . . ., except that paragraph 2 shall be further modified to allow email communications between the parties exclusively related to the children." After accepting the stipulation, the judge extended the order for one year with the modification that "Paragraph #2 is modified to allow for email communication regarding the children." After a further extension and modification (the substance of which is not material to this appeal), the parties appeared for another extension hearing in July 2019. The order was then extended to July 26, 2023, without further modification.

On November 20, 2021, while the order was in effect, the defendant sent the victim an email message that read, "Happy

Birthday, beautiful." The victim replied, "Unwanted, unwelcome, and clearly contempt." Based on this incident, the first of the two complaints issued against the defendant on November 23, 2021.

On April 15, 2022, while the first case was pending and the order was still in effect, the victim and the defendant exchanged email messages to coordinate picking up their children. At the end of that exchange, the defendant wrote, "The children have a wonderful beautiful mother." Based on this incident, the second complaint issued against the defendant on April 19, 2022. The cases were then joined for trial on the defendant's motion.

Discussion. 1. Violation of the order. The defendant claims that the police committed "entrapment by fraud" by misstating the terms of the order in the arrest reports attached to the complaint applications.[2] We construe the defendant's argument to be that the complaints should have been dismissed either for lack of probable cause that he violated the order or for "a violation of the integrity of the proceeding." Commonwealth v. DiBennadetto, 436 Mass. 310, 313 (2002). Construed either way, the argument is without merit.

_____

[2] The defendant raised similar claims in a motion to dismiss the first complaint for lack of probable cause, and in an "omnibus motion" in which he argued that the second complaint should also be dismissed for lack of probable cause.

"Probable cause requires 'reasonably trustworthy information . . . sufficient to warrant a prudent [person] in believing that the defendant had committed or was committing an offense.'" Commonwealth v. Goldman, 94 Mass. App. Ct. 222, 230 (2018), quoting Commonwealth v. McCarthy, 385 Mass. 160, 163 (1982).  Here, each arrest report states that the victim had an abuse prevention order against the defendant; that the no-contact provision was modified to allow only for email communication regarding the children; and that, while the modified order was in effect, the defendant sent the victim email messages that did not concern the children.  This was sufficient to establish probable cause that the defendant violated G. L. c. 209A, § 7.

The defendant has also not shown that the police violated the integrity of the proceeding.  We are unpersuaded by his assertion that the arrest reports misstated the terms of the order.  A copy of the order was attached to each arrest report, and the reporting officers could reasonably have construed the no-contact provision, as modified and in effect when the defendant sent his email messages, to allow only for email communication regarding the children.  The defendant has thus failed to demonstrate any police misconduct, let alone egregious misconduct warranting dismissal of the complaints.  See Commonwealth v. Gardner, 467 Mass. 363, 368 (2014).

4

To the extent the defendant challenges the sufficiency of the evidence that he violated the order, that argument fails for similar reasons. The jury could reasonably have construed the modification of the order as limiting the scope of the defendant's permitted contact with the victim to email communication regarding the children. Indeed, that is the most reasonable way to interpret the modification, as a contrary interpretation would render it meaningless. The evidence was thus sufficient to show that the defendant violated the order by sending the victim email messages that did not concern the children. For the same reason, reasonable jurors could have found that the defendant had fair notice of what conduct was prohibited by the order, to the extent the defendant argues otherwise. See Commonwealth v. Gordon, 407 Mass. 340, 348 n.3 (1990). This is especially so where the defendant agreed in the stipulation -- which he signed and which the Probate and Family Court judge accepted at the extension hearing -- that paragraph 2 would be "modified to allow email communications between the parties exclusively related to the children."[3]

---

[3] We also reject the defendant's argument that the jury's verdict violated the prohibition against ex post facto laws, which "is directed against legislative action only and does not reach erroneous or inconsistent decisions by the courts." Stokes v. Commonwealth, 368 Mass. 754, 772 (1975), quoting Frank v. Mangum, 237 U.S. 309, 344 (1915).

2. _Remaining arguments_. We briefly address the defendant's remaining arguments, beginning with his assertion that the trial judge erred by not providing "case law" to the jury. It appears that the defendant is challenging the judge's denial of his request to include excerpts from case law in the jury charge or to provide the jury with copies of the cases. "Judges have broad discretion in framing jury instructions, including determining the appropriate degree of elaboration." Commonwealth v. Toolan, 490 Mass. 698, 708 (2022). In denying the defendant's request, the judge here acted well within his broad discretion.[4]

The defendant next contends that the trial judge erred by admitting the parties' stipulation in evidence because the stipulation was not incorporated into the order. We take the defendant to be arguing that the stipulation was therefore not relevant, but he fails to mention that whether the stipulation was incorporated into the order was a contested issue at trial. Furthermore, the stipulation was relevant to whether the defendant had fair notice of the conduct prohibited by the order. We discern no abuse of discretion. See Commonwealth v.

---

[4] The judge likewise did not abuse his discretion by declining to provide case law in response to a jury question. To the extent the defendant challenges the judge's response to the jury question on some other ground, any such argument is waived for lack of adequate development. See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019).

6

Welch, 487 Mass. 425, 440 (2021) (evidentiary rulings entrusted to judge's discretion).

The defendant also challenges his sentence of one year's probation, claiming that it constitutes cruel and unusual punishment. This argument is moot because the defendant has completed his probation. See Commonwealth v. Padua, 479 Mass. 1004, 1005-1006 (2018). And in any event, the defendant has failed to demonstrate any underlying error in his sentence.

The defendant's remaining claims -- that he was subjected to selective prosecution based on his race, and that the trial judge and the Probate and Family Court judge were biased -- are devoid of any support in the record and do not rise to the level of adequate appellate argument. We therefore need not consider them. See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019).

Judgments affirmed.

By the Court (Shin, Ditkoff & Brennan, JJ.[5]),

Clerk

Entered: October 16, 2024.

---

[5] The panelists are listed in order of seniority.

7