NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1377

COMMONWEALTH

vs.

CHRISTOPHER KENNELLY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was charged with assault and battery on his brother. At a second trial date, the victim did not appear, and the case was dismissed without prejudice. On appeal, the defendant claims the matter should have been dismissed with prejudice. We affirm.

A dismissal with prejudice "precludes a public trial and terminates criminal proceedings," which raises separation of powers concerns (citation omitted). Commonwealth v. Rosa, 491 Mass. 369, 373 (2023). Because of this, a judge has the authority to dismiss a complaint with prejudice only where there is either a "'showing of irremediable harm to the defendant's opportunity to obtain a fair trial' or 'prosecutorial misconduct

that is egregious, deliberate, and intentional, or that results in a violation of constitutional rights.'" Id., quoting Bridgeman v. District Attorney for the Suffolk Dist., 476 Mass. 298, 316 (2017). "Absent egregious misconduct or at least a serious threat of prejudice, the remedy of dismissal infringes too severely on the public interest in bringing guilty persons to justice" (citation omitted). Brangan v. Commonwealth, 478 Mass. 361, 366 (2017).

Here, there was no showing of prosecutorial misconduct, let alone egregious misconduct, which would justify a dismissal with prejudice. Instead, the defendant claims there was insufficient evidence to prosecute the case. However, that claim must be brought in a motion to dismiss. See Commonwealth v. DiBennadetto, 436 Mass. 310, 313 (2002). The judge did not abuse her discretion by dismissing the complaint without prejudice.

Judgment affirmed.

By the Court (Meade, Hershfang & Toone, JJ.[1]),

Paul Little

Clerk

Entered: October 28, 2024.

---

[1] The panelists are listed in order of seniority.

2