NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-44

COMMONWEALTH

vs.

JAMES J. FIORENTINI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Defendant James Fiorentini, a high school teacher, was charged in the District Court with accosting or annoying another person -- a student in his class, whom we will call Jane -- in violation of G. L. c. 272, § 53.[1]  The defendant moved to dismiss this charge for lack of probable cause.  See Commonwealth v. DiBennadetto, 436 Mass. 310, 313 (2002).  The judge allowed the defendant's motion, and the Commonwealth appealed from the judgment of dismissal.  Because the evidence presented by the

_____

    [1] The defendant was additionally charged with a second count of accosting or annoying another person.  That charge, which arose out of a complaint from a different student in the defendant's class, is not at issue in this appeal.

Commonwealth established probable cause as to each of the necessary elements of the alleged offense, we reverse.

Discussion. "[A] motion to dismiss a criminal complaint for lack of probable cause is decided from the four corners of the complaint application, without evidentiary hearing" (citation omitted). Commonwealth v. Huggins, 84 Mass. App. Ct. 107, 111 (2013). The complaint application must include information to support probable cause for each essential element of the charged offense. Commonwealth v. Humberto H., 466 Mass. 562, 565-566 (2013).

"[P]robable cause exists where . . . the facts and circumstances within the knowledge of police are enough to warrant a prudent person in believing that the individual arrested has committed or was committing an offense." Commonwealth v. Leonard, 90 Mass. App. Ct. 187, 190 (2016), quoting Commonwealth v. Stewart, 469 Mass. 257, 262 (2014). "A demonstration of probable cause 'requires more than mere suspicion but something less than evidence sufficient to warrant a conviction.'" Leonard, supra, quoting Commonwealth v. Roman, 414 Mass. 642, 643 (1993). We review a judge's probable cause determination de novo, Humberto H., 466 Mass. at 566, and view the information in a complaint application "in the light most favorable to the Commonwealth." Leonard, supra.

In the present case, the defendant was charged with violating G. L. c. 272, § 53 (a), which provides for the punishment of "persons who with offensive and disorderly acts or language accost or annoy another person." G. L. c. 272, § 53. Under § 53, "offensive" and "disorderly" are distinct elements, and the Commonwealth must establish probable cause that the defendant's conduct satisfied both. Commonwealth v. Sullivan, 469 Mass. 621, 625 (2014).

Analysis. 1. Conduct was offensive. "We interpret the 'offensive' acts or language element of G. L. c. 272, § 53, as requiring proof of sexual conduct or language, either explicit or implicit. . . . By implicit sexual conduct or language, we mean that which a reasonable person would construe as having sexual connotations." Sullivan, 469 Mass. at 625-626. Additionally, the "'offensive' acts or language [must] cause a complainant to feel displeasure, anger, resentment, or the like." Id. at 625. Finally, such acts or language must be such that they "would be considered indecent or immoral by a reasonable person." Id.

Viewed in the light most favorable to the Commonwealth, see Leonard, 90 Mass. App. Ct. at 190, the complaint application in the present case established probable cause that the defendant's conduct was "offensive" under G. L. c. 272, § 53. Jane was in the defendant's class twice a week. During each class, the

3

defendant would come up to her desk approximately five to six times, smile at her, look at her chest, and attempt to look down her shirt.[2]  This conduct was at least implicitly sexual, see Sullivan, 469 Mass. at 628 (male defendant's acts of following young woman victim on foot and with car and attempting to get her into his car, all while calling her "little girl," were implicitly sexual), and could reasonably be considered explicitly sexual, given that the defendant made repeated attempts to view Jane's breasts.  The sexual nature of the conduct is reinforced by the fact that it occurred in the context of the defendant's classroom, which Jane described to officers as an inappropriately sexualized environment.[3]  See Commonwealth v. Cahill, 446 Mass. 778, 781 (2006) ("defendant's act . . . was offensive, particularly when considered in the

---

[2] We note that, while the charged conduct at issue on appeal is the defendant's act of staring at Jane's chest and attempting to look down her shirt, the Commonwealth's argument before the motion judge focused on the defendant's inappropriate speech in his classroom as the charged conduct, and framed the act of attempting to look down Jane's shirt as evidence that the speech was directed at her.  As a result, the judge followed that lead and held that the defendant's conduct -- the speech -- was not "uniquely or specifically directed at [Jane]."  On de novo review, we take a different approach, focusing on the defendant's staring at Jane's chest and looking down her shirt -- conduct that was specifically directed at Jane.

[3] Specifically, Jane reported that the defendant discussed "his personal life and sex life with the class" in explicit detail for "at least 20 minutes or so each class."

4

context of the defendant's other behaviors toward the victim");
Commonwealth v. Ramirez, 69 Mass. App. Ct. 9, 16 (2007)
("context is critical in analyzing convictions under G. L.
c. 272, § 53").

The complaint application likewise established probable
cause that Jane felt displeasure because of the defendant's
conduct.  Jane reported that she feared the defendant's sexual
interest in her and believed the defendant "was truly only
interested sexually in staring at her while making her disgusted
with herself."  See Cahill, 446 Mass. at 781 (conduct can be
offensive if it causes victim to feel panic or fear, even if
other witnesses fail to testify that they considered conduct
harassing).  Jane also never wanted to be left alone with the
defendant and, due to these concerns, she began skipping his
class.

Finally, the complaint application established probable
cause that the defendant's acts and language "would be
considered indecent or immoral by a reasonable person."
Sullivan, 469 Mass. at 625.  This is particularly true given the
teacher-student relationship between the defendant and Jane, and
the defendant's creation of an inappropriately sexualized
atmosphere in his classroom through his regular discussion of
his sex life.  Thus, the Commonwealth sufficiently established

probable cause that the defendant's acts would be offensive to a reasonable person.

2. Conduct was disorderly. "Disorderly acts 'are those that involve fighting or threatening, violent or tumultuous behavior, or that create a hazardous or physically offensive condition for no legitimate purpose of the actor.'" Commonwealth v. St. Louis, 473 Mass. 350, 366 (2015), quoting Commonwealth v. Chou, 433 Mass. 229, 233 (2001). Where the Commonwealth relies on the defendant's creation of "a hazardous or physically offensive condition" to satisfy this element of the offense, it need not also demonstrate that the act was threatening. See Cahill, 446 Mass. at 783. In the present case, however, we are persuaded that the complaint provided probable cause to believe that the defendant's conduct was both physically offensive and threatening.

As to "physically offensive" conduct, "physical contact with a victim's person is not necessary to render one's actions physically offensive." Ramirez, 69 Mass. App. Ct. at 18. Instead, for conduct to be considered physically offensive, a defendant must "create a condition that would cause a reasonable person to fear imminent physical harm." Sullivan, 469 Mass. at 627.

Here, the complaint application established probable cause that the defendant did just that by regularly and openly staring

6

at Jane's chest and attempting to look down her shirt at her breasts. It is apparent that Jane feared imminent physical harm due to this conduct, as she stated that she never wanted to be left alone with the defendant. Moreover, it was reasonable for Jane to fear physical harm (namely, an inappropriate touching) if she were to be left alone with the defendant, as he would stand closely to Jane while attempting to look down her shirt, and he did this many times a day as Jane was seated at her desk in his classroom, despite his proximity to other students. See Commonwealth v. LePore, 40 Mass. App. Ct. 543, 548-549 (1996) (act of voyeurism alone created physically offensive condition, despite physical distance and barrier between defendant and victim). Cf. Ramirez, 69 Mass. App. Ct. at 19 (no physically offensive conduct where defendant repeatedly called out to victim but never attempted to go near her or restrict her movement). The additional context of the age difference and power imbalance between the defendant and Jane, and the inappropriately sexualized environment of the defendant's classroom, is also relevant to this analysis. See Cahill, 446 Mass. at 782-783 (defendant's conduct was physically offensive, as it had "sexual overtones" in light of his "previous and subsequent behavior").

Although the complaint application need not also demonstrate probable cause that the defendant's conduct was

7

"threatening," see Cahill, 446 Mass. at 783, we conclude that it did so here. Conduct may be threatening even if there is no "evidence that the threat will be immediately followed by actual violence or the use of physical force." Chou, 433 Mass. at 235. Additionally, "a threat can be made without deployment of words explicitly stating one's intent to do harm, so long as the circumstances support the complainant's fearful response." Ramirez, 69 Mass. App. Ct. at 20-21, citing Chou, supra at 234.

In the present case, Jane explicitly reported that she was fearful of being left alone with the defendant, and the circumstances -- namely the defendant's daily attempts to look down Jane's shirt and his repeated invasions of her physical space while she was sitting at her desk -- support that fear. Cf. Ramirez, 69 Mass. App. Ct. at 21 (it was not reasonable to infer that defendant intended complainant to fear that harm would befall her when defendant made no invasive move toward complainant, and complainant did not state that she was in fear of defendant). The fact that the defendant had power over Jane as her teacher and this behavior took place at school also adds to the threatening nature of the conduct. See Chou, 433 Mass. at 235 (eroding victim's "reasonable expectation of safety at school" can contribute to that victim's fear). As a result, the Commonwealth sufficiently established probable cause that the defendant's acts would be considered disorderly by a reasonable

8

person, as the acts were both physically offensive and threatening.

Conclusion.  The application for complaint established probable cause to believe that the defendant's conduct toward Jane was "disorderly" and "offensive," and that it otherwise satisfied the essential elements under G. L. c. 272, § 53. Accordingly, it was error to dismiss count two of the complaint.

> Judgment dismissing count two of the complaint reversed.
>
> By the Court (Vuono, Meade & Hand, JJ.[4]),

_Paul Little_

Clerk

Entered:  February 11, 2025.

---

[4] The panelists are listed in order of seniority.